## LAYMAN *vs.* WHITING.

In an action of ejectment the plaintiff is bound to show title in himself at the commencement of the action.

If the title upon which he relies is founded upon the foreclosure of a mortgage, by advertisement under the statute, proof of a regular and complete foreclosure is essential to the validity of that title.

The right of a mortgagee to acquire the title to the mortgaged premises upon a sale under the statute, is given, and the manner in which the title is to be transferred to him, is regulated, by statute.

In the absence of a deed to the purchaser, from the mortgagee, the affidavits of the publication and posting and service of the notices of sale, &c., take the place of such a deed, and operate as a statute conveyance. They are necessary, in order to complete the foreclosure, and transfer the title to the mortgaged premises; and until they are made and completed no title will vest in the purchaser.

And if, in an action of ejectment by the purchaser, it appears that the affidavit of service of the notice of sale upon the mortgagor was not made until after the commencement of the action, the plaintiff will fail to show title in himself at the time the suit was commenced, and must therefore be nonsuited.

The making and recording of an affidavit of service, after the commencement of the action, will not vest a title in the purchaser, *by relation*, as of a time previous, so as to enable him to recover.

Parol evidence of the service of the notice of sale, upon the mortgagor, is admissible; but it will not dispense with the production of the *affidavit* specified in the statute.

MOTION for judgment on a verdict for the plaintiff subject to the opinion of the court on a case made by the plaintiff. The action was ejectment. On the trial the plaintiff, for the purpose of proving a title in himself, gave in evidence a mortgage executed by the defendant to the plaintiff on the first day of April, 1852, on the premises in controversy, to secure the payment of $325 in three annual payments. The plaintiff then proved by proper affidavits the publication and posting of a notice of sale of the premises, pursuant to the statute and the power contained in the mortgage, for a default in the payment of the first installment, and a sale of the premises pursuant to the published notice, on the 20th day of July, 1853. These affidavits were recorded in the clerk's office of Chautauque county, where the premises are located, on the 6th day of August, 1853. It was admitted by the plaintiff that this action was commenced *on*

*the* 22*d day of August,* 1853. The plaintiff then called a witness and proved the service of a copy of the notice of sale on the defendant, by leaving it at his residence, in his absence, with his wife, on the 6th day of July, 1853, about 2 o'clock in the afternoon. This evidence was objected to by the defendant, on the ground that the proof should be by affidavit. The objection was overruled, and the evidence was received. The plaintiff then offered in evidence an affidavit of the witness, sworn to on the 20*th day of September,* 1853, stating that the witness served the notice of sale on the defendant at the time and in the manner above stated. This affidavit was written on the same paper containing the affidavits of publication, posting and sale. The plaintiff also offered to read the certificate of the clerk of said county, of the recording of the said affidavit of service with the three other affidavits above mentioned. The defendant objected to the reading of this affidavit and certificate, on the ground that it should have been made and recorded before the commencement of the action. The objection was overruled, and the affidavit and certificate were read. By the certificate, it appeared that this last affidavit was recorded on the 20*th day of September,* 1853. The evidence here closed, and the defendant moved for a nonsuit on the grounds, 1. That the notice of sale having been made on the 6th day of July, was not sufficient to authorize the sale on the 20th. 2. That the plaintiff had no title at the time the suit was commenced, because the proof of service of the notice of sale could not be made by parol, and that as the plaintiff relied on proof under the statute, as a substitute for a deed, the affidavit of service of the notice of sale was an essential part of the title, and that the title did not vest in the plaintiff until the affidavit was made and completed; which was not done until after the suit was commenced.

The motion was denied; and the court directed a verdict for the plaintiff, as above stated.

*D. Sherman,* for the plaintiff.

*E. Ward,* for the defendant.

Layman *v.* Whiting.

GREENE, J.   I think this motion should have been made at a general term, but as the parties have argued it here without objection, I have concluded to examine and decide it, and the motion can be renewed in form at the general term, if either party desires to review the decision, there.

The plaintiff was bound to show a title in himself at the time of the commencement of the action.   The title upon which he relies is founded upon the foreclosure of the mortgage executed by the defendant, and proof of a regular and *complete foreclosure* is essential to the validity of that title.   The only questions raised on the argument are, was parol proof of service of the notice of sale on the mortgagor sufficient, in connection with the other proof, to show title in the plaintiff; and if not, did the making and recording of the affidavit of such service *after the commencement of the action* vest a title in the plaintiff, by relation, *as of a prior time,* so as to enable him to recover ?

The mortgagee's right to sell the premises is derived from the power contained in the mortgage, authorizing him, on a default in the payment of the mortgage moneys, to sell and convey the premises and pay the mortgage out of the proceeds of the sale.   The manner of executing this power is now prescribed by statute.   At common law the title could be conveyed only by a deed from the mortgagee to the purchaser, and as the mortgagee could not convey to himself, he could not acquire a title through the sale under the power.   In 1808 a statute was passed authorizing the mortgagee to purchase.   The provision will be found in 1 *R. L. p.* 375, § 10, and is in these words : " No title to mortgaged premises, derived from any sale made in virtue of a special power for that purpose, in the mortgage contained, shall be questioned, impeached or defeated, either at law or in equity, by reason that the mortgaged premises were purchased by the mortgagee," &c.   This statute provided that notice of the sale should be published and posted a certain time before the sale, and that affidavits of such publication and posting and of the sale, when recorded as directed by the act, should be received in all courts as prima facie evidence of the facts stated in such affidavits.   This act merely prescribed the man-

ner of executing the power so far as the *sale* is concerned, and made provision for perpetuating the evidence of the regularity of the sale, but made no provision as to the mode of *conveying the title.* In all cases except where the mortgagee was the purchaser, this was done, as at common law, by a deed from him to the purchaser; but as this mode of conveyance could not be adopted where the mortgagee was the purchaser, it was held that the title was transferred on a regular sale *by force of the statute.* (*Jackson* v. *Colden,* 4 *Cowen,* 266.) The deed of the mortgagee, in one case, and the statute in the other, transferred the title, and in either case, it was necessary only that the party claiming title through the foreclosure, should prove a due execution of the power of sale, or in other words, prove a compliance with the statute which prescribed the manner of that execution. These facts might be proved by affidavits, recorded pursuant to the statute, or by common law evidence.

By the revised statutes, title 15, ch. 8, part 3, (2 *R. S.* 545, § 3,) as amended by the laws of 1844, (*ch.* 246, § 5,) it is provided that in addition to the publishing and posting of the notice of sale, for the time therein prescribed, a copy of the notice shall be served at least fourteen days prior to the time therein specified for the sale, upon the mortgagor, &c. Sections 9 and 10 of title 15 provide for the making of affidavits of the publication and posting and service of the notice, and of the circumstances of the sale. Section 11 provides, among other things, that such affidavits may be filed in the office of the clerk of the county where the sale takes place, and section 12 provides for the recording of such affidavits by the clerk, and that "such original affidavits, the record thereof and certified copies of such records shall be presumptive evidence of the facts therein contained." By section 14 of title 15, as originally enacted, it was provided that where the mortgaged premises should be purchased by the mortgagee or his assigns, " *the affidavits of the publication and affixing notice of sale and of the circumstances of such sale,*" should be evidence of the sale and foreclosure, and " *without any conveyance being executed,*" in the same manner and with the like effect as a conveyance executed by a mortgagee,

upon such sale, to a third person, had theretofore been. By an amendment of this section passed in 1838, (*ch.* 266, § 8, *p.* 263,) it was provided that the same effect should be given to the *same affidavits,* when the mortgaged premises should be purchased by the mortgagee " *or by any other person or persons whatsoever.*"

It will be seen from an examination of these statutes that the mortgagee's right to acquire the title to the mortgaged premises on the sale, is *given,* and that the *manner in which the title is to be transferred to him,* is regulated by statute. The statute of 1808, which first gave him this right, as we have seen, provided no substitute for a conveyance, and contained no provision in relation to it; and from the necessity of the case, it was held that the title passed, *under the statute,* by the fact of the sale. The provision of the 14th section of title 15 of the revised statutes, that the affidavits therein mentioned, when the mortgagee was the purchaser, should *take the place of,* and have the same effect as, a conveyance, supplied this defect in the old statute, and made an important change in the law on this subject. The effect of that section, as amended in 1838, was to allow a substitution of those affidavits, *in place of a conveyance in all cases,* so that in case a third person purchases at the sale, this *statute conveyance* may now be adopted in the place of a conveyance from the mortgagee, which was always necessary before the amendment of 1838.

That conveyance may still be made by the mortgagee in such cases, under the power contained in the mortgage, and when made, I have no doubt that common law proof of the execution of the power according to the statute, may be made, in the place of proof by affidavit. In such a case, the affidavits are regarded as *mere evidence* of certain facts. By the statute they are made *prima facie,* but not exclusive evidence of those facts; and when regarded as *evidence,* I see no reason why common law evidence may not be resorted to in the place of the affidavits. But the same statute, under certain circumstances, assigns to these affidavits a very different office. In the absence of a deed from the mortgagee, they take the place

of, and *operate, as a conveyance ;* and until the statute of frauds is repealed, I am unable to see how the title can pass without a regular conveyance from the mortgagee or this *statute conveyance* which has been substituted in its place. As I understand the case of *Arnot* v. *McClure,* (4 *Denio,* 41,) it establishes this precise proposition. That was an action of ejectment. The plaintiff claimed under a sheriff's deed given on a sale of the premises on a judgment against a former owner. The defendant claimed under a prior mortgage given by the judgment debtor, which had been foreclosed under the statute and the defendant had purchased the premises on the sale. *In the affidavit of sale* the premises were so described as not to include a part of the land described in the mortgage. The defendant offered to prove by the auctioneer who officiated at the sale, that in point of fact he offered and sold the whole of the mortgaged premises, and that a clerical mistake was made in the description, in drawing the affidavit of sale. The evidence was rejected, and the plaintiff had a verdict under the direction of the circuit judge, for the part not described in the affidavit of sale. The defendant moved, on a bill of exceptions, for a new trial, which was denied. Bronson, C. J. in delivering the opinion of the court said " the affidavits are a *statute conveyance ;* and when they perform that office, the purchaser can no more impeach them by parol evidence, than he could a conveyance by deed." Some doubt is expressed in the opinion, as to the right of the purchaser, *under any circumstances,* to contradict the affidavits which he has procured to be made and recorded, but the reasoning of the learned chief justice proceeds upon the hypothesis, and the case is decided on the ground, that the affidavits prescribed by the statute, in the absence of a deed, constitute a conveyance, and are necessary to transfer the title. The learned chief justice proceeds to say " without a conveyance, or a substitute for it in the form of affidavits, the foreclosure is not complete, and the equity of redemption remains in the mortgagor. Where a deed has been executed to the purchaser, and there are no affidavits, the regularity of the proceedings may be established by any

Layman *v.* Whiting.

good common law evidence. And though there may be affidavits, it is possible that *other evidence* may be admissible to supply defects, and show a sale in accordance with the deed. * * * Where there is no deed, and *affidavits supply its place,* they can neither be contradicted nor amended by oral evidence."

I think it must appear obvious, upon reflection, that the right to contradict the facts stated in the affidavits, or to prove facts by parol, in addition to those stated, must depend upon the question whether the affidavits are, under the circumstances, to be regarded as a conveyance or as mere evidence of the facts which authorize the execution of a deed, where one has been given. As I have before observed, the statute makes the affidavits *prima facie* evidence, and nothing mor

This cannot be held to exclude other competent evidence, and if a title could pass under the statute by a *mere sale* of the premises in pursuance of the provisions of the statute, I can see no objection to proving all of the essential facts by parol, or to supplying any omissions or correcting any mistakes in the affidavits when they are used as *evidence* of the same facts. But the provisions of § 14, substituting affidavits for a conveyance, are in addition to the provisions of § 12 making the affidavits evidence of the facts therein stated ; and I think it must be held upon every principle of construction •as well as upon the authority of adjudged cases, that in the absence of a deed, such affidavits are now necessary in order to complete the foreclosure and transfer the title to the mortgaged premises.

A difficulty arises in giving a construction to § 14, in consequence of the omission of the legislature to amend that section, when the amendment of the 3d section, requiring a copy of the notice of sale to be served on the mortgagor, was made, in 1844. It will be remembered that the 14th section as originally enacted, provided that " the affidavits of the publication and affixing notice of sale, and of the circumstances of such sale," should be evidence of the sale and foreclosure of the equity of redemption &c., without any conveyance, with the same effect as a deed of the mortgagee, executed upon a sale to a third person, had

Layman *v.* Whiting.

before been. It is now argued by the plaintiff, that although service of the notice of sale is indispensable to the validity of the foreclosure, the title may still pass without an affidavit of that fact or a deed, provided the service was in fact made; and that the fact may be proved by parol. This argument is founded on a literal reading of the language of § 14, without regard to the amendment of 1844. The *deed of the mortgagee alone* was never evidence of the foreclosure. It was so regarded only when accompanied by due proof of compliance with all the provisions of the statute regulating the execution of the power of sale. The affidavits mentioned in the 14th section, were, by the 12th section, made evidence of those facts; and the true construction of the language of the 14th section, before the amendment of the 3d section, undoubtedly was, that those affidavits should be evidence of the foreclosure of the equity of redemption in the same manner and with the same effect as the deed of the mortgagee accompanied by proof of the facts necessary to authorize the execution of such deed. In other words, the affidavits were made an instrument of conveyance, as well as evidence of the facts authorizing the conveyance. It is clear, therefore, that the construction of the 14th section contended for by the plaintiff, will in effect annul the amendment of 1844. Upon producing the affidavits specified in § 14, the party claiming under the foreclosure would, by the strict letter of that section, be entitled to recover, without proof of any kind, of a service of the notice of sale on the mortgagor; for the section in terms makes those affidavits *primâ facie* proof of a *complete foreclosure* of the equity of redemption of the mortgagor and all claiming under him; and as between such parties and the mortgagee, that proves a title in him. I am, therefore, of opinion that, in order to carry out all of the provisions of this act, those of § 14, in relation to the effect of the affidavits, must be read in reference to all the affidavits mentioned in the previous sections of the act as amended, and that all of those affidavits are essential, in the absence of a deed, to perfect the purchaser's title. The affidavit of service of the notice of sale on the mortgagor was not made in this case until after the commence-

ment of the action, and for that reason, I think the plaintiff failed to show a title in himself at that time.

I think the doctrine of relation, relied on by the plaintiff, is not applicable to this case. In all the cases cited, in which that doctrine has been applied, the act which was held to relate back to some prior act, and thereby vest a title as of the time of such prior act, was to be done by some party other than the one who invoked the aid of this doctrine; as in the case of a deed to be given by a trustee, or by a sheriff on a sale made by him on execution. In such cases it would be unjust that a party who had performed all the conditions on his part, which entitled him to a conveyance, should suffer by the neglect of the party whose duty it was to execute it; and this doctrine, somewhat artificial in itself, is resorted to to prevent such injustice. But where a title is to vest by a party's own act, and he shows no impediment in the way of its performance, and urges no reason for non-performance but his own neglect, I do not perceive the necessity or propriety of applying this doctrine in his favor. No precedent has been cited for it, and I think the principle of the doctrine is against establishing one in this case.

There must be a judgment of nonsuit on the verdict.

[ERIE SPECIAL TERM, January 1, 1855. *Greene,* Justice.]