Bryan *v.* Butts.

———— • • • ————

## BRYAN *vs.* BUTTS.

A mortgage is now nothing but a security for a debt, giving the mortgagee a specific lien, only, upon the estate mortgaged. The title and seisin remain in the mortgagor until all the proceedings to foreclose the mortgage have been completed.

On a foreclosure and sale by advertisement under the statute, the title and seisin remain in the mortgagor, until foreclosure; and he is not divested of his title until all the steps required by statute have been taken.

There is no transfer of title, so as to authorize an action of ejectment by the purchaser, until all the necessary affidavits have been made and recorded.

The recorded affidavits operate as the statutory transfer of title.

ACTION to recover the possession of real estate, situated in Monroe county. The plaintiff claimed the premises as the purchaser thereof at a sale under a statute foreclosure of a mortgage executed by one James McDermott to Samuel Owen, and assigned, by several mesne assignments, to the plaintiff. On the trial the plaintiff produced and proved proceedings for the foreclosure of the mortgage, under the statute. The proceedings were all regular, except that they did not show any personal service of notice on McDermott, the mortgagor. But the plaintiff proved by a witness by whom the notice was served, that the notice as required by the statute was in fact served upon the mortgagor, in due time, and he also produced and read an affidavit of the same witness which had been duly recorded, but which was made *on the day of the trial*, showing the service of the notice. No notice was served on the defendant, nor was there any evidence in the case that he was a subsequent grantee or incumbrancer, or claimed title to the premises in any way, or that he was in possession at the time of the foreclosure.

The defendant's counsel among other objections to the plaintiff's title, on the trial, insisted that the plaintiff could not maintain the action, because the foreclosure under which he claimed was not complete at the commencement of the action, nor until the day of the trial. That there was no affidavit of service of notice of foreclosure and sale upon the mortgagor, and the foreclosure was incomplete until this was done. He therefore moved for a nonsuit, and the court granted the motion. The plaintiff excepted, and now moved for a new trial, upon exceptions.

*S. Mathews,* for the plaintiff.

*L. Farrar,* for the defendant.

*By the Court,* JOHNSON, J. The plaintiff's title was not complete at the commencement of the action. Until all the

proceedings to foreclose a mortgage have been completed, the title and seisin remain in the mortgagor. A mortgage is now nothing but a security for a debt, giving the mortgagee a specific lien only, upon the estate mortgaged. It conveys no title to the property. The interest of the mortgagee is a mere chattel interest. (*Gardner* v. *Heartt,* 3 *Denio,* 232. *Calkins* v. *Calkins,* 3 *Barb.* 305. *Waring* v. *Smyth,* 2 *Barb. Ch. R.* 135.) The title and seisin remain in the mortgagor, until foreclosure, and he is not divested of his title until all the steps required by statute have been complied with, where such foreclosure is by advertisement and sale under the statute. There is no transfer of title until all the necessary affidavits have been made and recorded. The affidavits, when made and recorded, constitute the evidence which the statute prescribes, and if they do not effect, they at least complete the transfer of title, which is incomplete until then. But I think it has been correctly held, that the recorded affidavits operate as the statutory transfer of title. (*Arnot* v. *McClure,* 4 *Denio,* 41. *Layman* v. *Whiting,* 20 *Barb.* 559.)

The precise point here involved was determined in the case last cited, which we understand has been affirmed at a general term in the eighth district. The nonsuit was therefore properly granted, and a new trial must be denied.

[CAYUGA GENERAL TERM, June 7, 1858. *Welles, Smith* and *Johnson,* Justices.]