Robertson, Ch. J.
The defendants take the ground in this case, preliminarily, that even if the mortgage in question were never foreclosed, the plaintiff is n.ot entitled to any relief, because at the time of the conveyance to hint from the purchaser at the sheriff’s sale under execution, (Bull,) the defendant "Wright had possession of the premises in question, claiming under a title adverse to that of the plaintiffs’ grantor, within the meaning of the statute against champerty. (1 R. S. 739, § 147.) It becomes, therefore, necessary to examine what the nature of the title and the claim under it must be, by which, under that statute, all conveyances by the rightful proprietor while he is out of '' possession, are rendered void.
The case of Crary v. Goodman, in the Court of Appeals in this state, (22 N. Y. Rep. 170,) has finally established the existence of a marked distinction between “title” claimed generally so as to start the running of the statute of limitations, (2 R. S. 294, § 9; Code, § 82,) and “ a title ” under which the possessor of lands must claim adversely in order to avoid deeds by the owner out of possession under the champerty act; and the reasons for such distinction therein assigned are'very satisfactory. Indeed in the former-statute the word title may now be considered simply as synonymous with right, but in the latter, as being a specific mode of acquiring it by deed, 'descent, operation of law, judgment or decree. •
The true nature of the title under which it is necessary for a possessor of lands to claim in order to defeat convey *717 anees by the owner-out of possession may best be illustrated by examining what has been rejected or'received as such. Thus, while conveyances of land, by a mere purchaser of it from one who occupied it without color of title,' to a grantee, who took possession -of it under such deed; (Jackson v. Elston, 12 John. 452;) an equitable title arising merely from a contract to convey, (Jackson v. Foster, 12 John. 488; Briggs v. Prosser, 14 Wend. 227;) sheriff’s deeds on execution against one claiming title by devise; (Northrop v. Wright, 7 Hill, 476, 488;) and unauthorised conveyances by a trustee; (Bradstreet v. Clarke, 12 Wend. 602, 674;) or by a committee of a lunatic, (he being a tenant in common with others "in his own right,) 'after the death of the lunatic-; (Clapp v. Bromagham, 9 Cowen, 530;) have been held sufficient to avoid conveyances by the true owners out of possession ; neither a deed not covering the land in question, (although claimed to do so;) (Crary v. Goodman, ubi supra; Jackson v. Loyd, pier Woodworth, J., 1 Cowen, 286; Enfield v. Cay, 7 N. H. Rep. 457; Hale v. Glidden, 10 id. 397; McKinney v. Kenny, 1 A. K. Marsh, 460;) nor a quit claim without a valuable consideration paid; (Jackson v. Frost, 5 Cowen, 346; Jackson v. Hill, 5 Wend. 532;) although no covenant be necessary; (Northrop v. Wright, ubi supra;) nor a deed from one who claims only an easement; (Jackson v. Mancius, 2 Wend. 357;) nor a defeasible agreement to convey; (Jackson v. Johnson, 5 Cowen, 74;) nor a conveyance void for fraud or want of authority in the attorney undertaking to execute it as such, (Livingston v. Peru Iron Co., 9 Wend. 512,) would be sufficient for that purpose,
These authorities, therefore, show that the title of a possessor of lands, in order to avoid the deed of. an owner out of possession, must arise either from a written instrument-professing on its face or agreeing, to convey some title or interest in the land in question, by some person holding adversely, who therein assumes to have the legal title to convey, and which is actually obligatory upon such person, or else from a judgment, decree or executed process of some *718 court. In this case the defendant Wright claimed to hold, at the time of the conveyance to the plaintiff, the premises in question only under the proceedings for foreclosure; the sale to Simpson, accompanied by the attornment of the tenants to him; a deed, with full covenants, conveying a fee simple to Eassie ; the lease of the latter to such defendant; and subsequent deed to him in fee simple. Simpson, -by the sale to Mm and the attornment of the tenants, merely, took the place of the mortgagee. Unless a proceeding to foreclose be effectual, attornments to persons entering without title cannot commence an adverse possession. (Jackson v. Delancey, 13 John. 537.) Attornments by tenants, while holding under their leases, can neither originate nor continue an adverse possession against their landlords; (Corning & Winslow v. Troy Iron Factory, 34 Barb. 485; S. C. 22 How. Pr. 217;) nor can tenants acquire any adverse possession against their landlords, until twenty years after their lease is ended, or they have ceased to pay rent. (2 R. S. 294, § 13. Code, § 86.) Attornments may be made to mortgagees, after a forfeiture of the mortgage, (1 R. S. 744, § 3;) but only in such a case, or with the original landlord’s consent, pursuant to a judgment or decree. (Id.) Mere possession by a mortgagee, so long as there is a right to redeem, is not adverse to the mortgagor’s rights. (Borst v. Boyd, 3 Sandf. Ch. 501.) The sale and attornment to Simpson did not, therefore, cut off the right of the owner to convey.
The sale by the sheriff to Bull did not come within the statute, being by legal proceedings, (Tuttle v. Jackson, 6 Wend. 213; Hoyt v. Thompson, 5 N. Y. Rep. 320;) and that the latter might have initiated proceedings to redeem. The only question that remains is whether the conveyances by the defendant Wright, to Eassie, by a mortgagee iú possession, and the possession by the latter, constituted a .title adverse to that of the. plaintiff at the time of the conveyances to him by Bull. Notwithstanding the regret expressed by.Lord Ch. J. Hale, in Roscarrick v. Barton, (1 Cha. Ca. 220,) thereat, a mortgagee*™ possession is but the bailiff of the mortgagor, *719 an d can do no more than a bailiff or steward. His possession is that of the mortgagor; and therefore he can acquire no title wherewith to commence an adverse possession. (Pleak v. Chambers, 7 B. Monro, 565. Nicholls v. Reynolds, 1 Ang. 30.) Every advantage obtained by him while in such possession is for the benefit of the. mortgagor. (Holridge v. Gillespie, 2 John. Ch. 30. Slee v. Manhattan Co., 1 Paige, 48.) A -fine levied by him does not bar the mortgagor, because the estates of the latter and the conusor of the fine are the same, (Kennedy v. Daly, 1 Sch. & Lef. 380;) nor does'one levied by his grantee. (Story v. Windsor, 2 Atk. 631.) Where a mortgagee in possession was disseised, and his disseisor levied a fine with proclamations, it was held tha^ the mortgagor was not barred," until five years after tender by him to the mortgagee of the amount due, because he could not enter until then. (Stowell v. Lord Zouche, Plow. 373. 2 Bac. Abr. 532. Shep. Pr. Conv. 74, 79.) And in no ease can a party having possession, which is consistent with another’s right, render such possession adverse, except by some notorious act, which ma/lbe supposed to have reached the knowledge of the owner out of possession. (Sharpe v. Kelley, 5 Denio, 431.) An absolute conveyance in fee simple by a mortgagee in possession, and a claim of title under it, may be sufficient to bar an action, after twenty years; but-as it is also available to assign the mortgage to the grantee, and give him the same right of possession as the mortgagee, it cannot be such a title, as to prevent the owner out of possession from conveying to a third person.
The plaintiff, therefore, being entitled to redeem the premises, unless the mortgage was properly foreclosed, it becomes necessary to’ consider the proof before me of the steps taken for the purpose. It was not necessary to rely on the affidavits filed, as proof of such steps having been properly taken, since it may be derived aliunde from evidence. But in this case the only evidence offered consisted of such affidavits; in which the affiants take upon themselves to *720 decide that the statute was complied with in some particulars, and not to leave it to a court to pass upon it. The statute; (2 B. S..546,) requires, (by'the third subdivision of its second section,) that copies of the notice of sale, in order to preclude persons having a subsequent lien, be served on them, in one of three ways; personally, or by leaving the same at their dwelling house, or by tnailing it, twenty-eight days before the time of sale, “properly folded, and directed to such persons, at their respective places of residence.” This is required to insure the delivery of such notice to the parties interested, and the affidavits should state enough to enable the court to see and determine that proper measures were taken to accomplish that end. It is not the province of every one who may deposit such notices in the post o,ffice to determine that it has been properly done, and it would be impossible for the party supposed to be notified to disprove it, after the death of the person depositing such notices. It'has been held that proper service, by mail, under the Code, of a notice, is by sending a letter by mail, containing the required information, properly addressed. ( Vassar v. Camp, 14 Barb. 341.) As the statute, as to foreclosing mortgages, requires the notice itself to be folded and directed, it has been held that the direction must be on the notice itself; if the envelope is unsealed, a direction on the latter is not - sufficient. (9 Abb. 66, n.) "What the person who made the deposit in the post office understopd by properly folding and directing, does not appear. He may not have complied with the statute at all. I think, therefore, the evidence of proper service by mailing was defective, and the proceedings to foreclose the plaintiff’s right of redemption were ineffectual for that purpose.
The defendant, by the conveyance to him became assignee of the mortgage, and succeeded to all the rights of the mortgagee. He is to be allowed for all necessary repairs put upon the premises by himself or prior owners of the mortgage, (Moore v. Cable, 1 John. Ch. 385;) also for permanent improvements, put upon the premises with *721 out actual notice of the judgment and sale under which the plaintiff claims, (Benedict v. Gilman, 4 Paige, 58,) and in accounting for the rents .and profits, he is not to be charged with any part of them, which arose from such improvements made without such notice. (Bell v. Mayor, &c. of New York, 10 Paige, 49.) There must be a reference, therefore, to take the account between the parties.
Ho tender was necessary, as the plaintiff does not claim that the lien of the mortgage was dicharged. As the defendants claimed under an adverse title, they are not entitled to any costs, (Vroom v. Ditmas, 4 Paige, 526;) nor is the plaintiff, who comes into court for a favor. (Brockway v. Wells, 1 Paige, 617. Benedict v. Gilman, 4 id. 58.) The judgment must be without costs.