LE ROY MOWRY AND OTHERS, APPELLANTS, v. JESSE K. SANBORN, RESPONDENT.

*Ejectment — Title, based on statutory foreclosure — affidavits must be executed and recorded — defects in — cannot be supplemented by oral proof.*

In an action of ejectment, the plaintiffs founded their title on a statutory foreclosure, in which the service of notice of foreclosure on the mortgagors was by mail, and it did not appear, except on information and belief, that the mortgagors resided at the place to which the envelopes containing such notices were addressed and mailed. *Held*, that the proceedings in foreclosure were defective.

On the trial the plaintiffs offered oral proof supplementary to the affidavits, to the effect that the mortgagors actually resided at the place to which the notices mailed were addressed at the time they were so mailed, as stated in the affidavit. *Held*, that this evidence was inadmissible.

*Bryan* v. *Butts* (27 Barb., 503) followed.

On a foreclosure and sale by advertisement under the statute, there is no transfer of title, sufficient to authorize an action of ejectment by the purchaser, until all necessary affidavits have been made and recorded. The recorded affidavits operate as the statutory transfer of title.

APPEAL from a judgment entered at the Circuit on the decision of the judge, without a jury, trial by jury having been waived by the parties in open court.

This action was commenced March 16, 1871.

The action was tried at a Circuit Court held in November, 1871, and a verdict was rendered for the plaintiffs. Judgment was perfected on this verdict, and an appeal was taken to the General Term where the judgment was affirmed. From this judgment an appeal was taken to the Court of Appeals. The cause was transferred to the Commission of Appeals, which court reversed the judgment and ordered a new trial. The cause was duly brought on for trial, and tried at a Circuit Court, held in and for the county of Washington, June 29, 1875, by Mr. Justice LANDON without a jury.

As part of their claim of title, plaintiffs produced and offered in evidence notice of foreclosure and sale of the mortgaged premises, together with affidavits of publication, etc., all of which were recorded in the clerk's office of said county July 22, 1868. Among which was the following:

"STATE OF NEW YORK, ⎰ *ss.:*
  "WASHINGTON COUNTY, ⎱

"David A. Boies, of the town of Greenwich, in said county, being duly sworn, says, that on the nineteenth day of June, 1868, he served a copy of the annexed printed notice on each of the several persons and corporations next hereinafter named, by inclosing a copy of said notice in an envelope, and in a proper and ordinary letter form, and sealing the same, and addressing such envelopes severally on the outside to the several persons next hereinafter named, and at and to the post-offices set opposite to their names respectively, as hereinafter stated, by depositing all of said notices so inclosed and addressed as aforesaid in the Greenwich post-office, at said town of Greenwich, and paid the postage on each of them, and at that time each of the said persons resided, as this deponent *is informed and believes*, at the respective places to which their said notices were so addressed; that the names of said persons and corporations, and the address of said notices to them as aforesaid, were respectively as follows, viz.: Jesse K. Sanborn, Sandy Hill, Washington county, N. Y. * * *

                                        "DAVID A. BOIES.

"Sworn to before me and certified by me ⎰
   this eighteenth day of July, 1868. ⎱

                    "E. M. ANDREWS, *Notary Public.*"

To which objection was offered on the following grounds among others:

There is no sufficient proof of service of the notice on the mortgagors at their place of residence. That the affidavit only stating their residence "as he is informed and believes," is insufficient and no proof of service.

Plaintiffs' counsel offered to prove by parol, in connection with the affidavits, that, at the time of service of the notice as stated in the affidavit, the mortgagors did in fact reside at Sandy Hill, N. Y. Defendant's counsel objected to the evidence.

That no parol evidence is competent to supply defects in recorded affidavits.

Affidavits made since the commencement of the action cannot be given in evidence.

Although a regular foreclosure bars the equity of redemption, it does not convey the legal title to purchaser.

It is only the making and recording the affidavits that passes the legal title.

And until made and completed, no title will vest in. the purchaser.

And there is no transfer of title, so as to authorize an action of ejectment, until all the necessary affidavits have been made and recorded.

It is the recorded affidavits that operate as the statutory transfer of title.

The objections were overruled, and defendant excepted; and plaintiffs called William H. Kincaid, who was sworn, and testified that the defendant Sanborn and wife resided in Sandy Hill in 1867, 1868 and 1869. The said notices and affidavits were then read in evidence, and defendant excepted.

The cause was submitted to the court on written arguments, and the court afterward made its decision in writing, on which judgment was entered for the defendant, and the plaintiffs appealed to this court.

*U. G. Paris,* for the appellants.

*Hughes & Northup* and *N. C. Moak,* for the respondent.

BOCKES, J. :

When this case was in the Commission of Appeals, it was decided that the proof of foreclosure offered by the affidavit of publication, and of service of notice and of sale, recorded in the county clerk's office, did not have the effect to divest the defendant of title. This decision must now be accepted as the law of this case, notwithstanding the very clear and logical dissenting opinion of Commissioner EARL. The decision was put on the ground that the affidavit of service of notice of foreclosure was fatally defective in this : that the service being by mail, it did not appear that the envelopes containing the notices were directed to the mortgagors at their residences, except on information and belief. The notices intended for the defendant and his wife, were addressed to them at " Sandy

Hill, Washington county, New York." The statement in the affidavit as to residence was this: that, "at that time each of the said persons resided, *as this deponent is informed and believes,* at the respective places to which their said notices were so addressed." Such proof was held to be insufficient, and the attempted foreclosure a nullity. The judgment in favor of the plaintiffs was reversed on that ground and a new trial was granted. On the retrial further proof was given on this point with a view to meet this difficulty. It was then proved orally that the mortgagors, the defendant and wife, in fact resided at Sandy Hill, at the time the notices of sale were served as above stated. The judge held that such oral proof did not relieve the case from the decision in the Commission of Appeals, and directed judgment for the defendant. The question now is, whether the plaintiff's title was made good by the oral proof given on the retrial. The question is an open one, in so far as the former decision in this case has application to it. Commissioner REYNOLDS, in giving the opinion of the court, remarked: "It is not necessary for us to determine whether or not, if the plaintiffs had given oral proof that the defendant did in fact reside at Sandy Hill, when the notice as directed was mailed to him, the case would have been altered; as no such proof was given or offered." As to the defendant this proof is now supplied, and the question before left undetermined in the case is here presented. This point has been heretofore considered in several cases, if not in fact directly decided. We will now give attention to those cases.

When this case was formerly in the General Term of this court on appeal, Mr. Justice BALCOM remarked (62 Barb., 223–229), that he was "of the opinion that the plaintiffs might have been permitted, on the trial, to prove positively by witnesses, or by new affidavit, that the mortgagors resided· at Sandy Hill when the notice of sale was directed to them at that place." This remark, it will be observed was entirely *obiter,* as was also the remark of the same learned judge directly the reverse, as regards oral proof in *Howard* v. *Hatch* (29 Barb., 297), where he says: "It seems however, that there must now be affidavits of the service of the notice of sale on the mortgagor * * * to make the evidence of sale and foreclosure complete" (page 302). As regards these

two cases, then, they stand balanced, as to the point under examination. An unreported case is referred to, by Mr. Justice BALCOM (page 229),* wherein the requisite proof was allowed to be supplemented on the trial, but as stated, that was *by affidavit.* No reference was made in either of these cases to *Bryan* v. *Butts* (27 Barb., 503), hereafter considered. Nor is the case of *George* v. *Arthur* (9 Sup. Ct. [2 Hun], 406) directly in point. In this case the affidavit was full as to the service according to the requirements of the statute. The supplemental proof was merely as to the identity of the persons served. The decision in *Howard* v. *Hatch* (*supra*), it should be observed goes no further than to hold that the affidavits need not be *recorded* before suit in ejectment, based on the foreclosure. Such was the decision also in *Bunce* v. *Reed* (16 Barb., 347), but in neither of these cases was it intimated that oral proof instead of proof by affidavit would answer the requirements of the statute. The remark of ROBERTSON, J., in *Chalmers* v. *Wright* (5 Rob., 713), that it was not necessary to rely on the affidavits filed as proof of such steps having been properly taken, since it may be derived *aliunde,* from evidence, was also *obiter* and without reference to any authority. If the learned judge intended the observation to apply to a case where a redemption was claimed, perhaps the opinion was sound ; but if to cover the case of a party seeking to recover in ejectment under statutory foreclosure, the observation is in direct conflict with the opinion of other eminent judges, and as we think with the decisions of the court. In none of the cases above alluded to, has the question under examination been directly determined by adjudication. Let us now turn our attention to several others, in some of which the point was directly before the court for decision. In *Arnot* v. *Mc Clure* (4 Den., 41), it was held that the affidavits took the place of a conveyance, and that if they did not show a sale of the mortgaged premises, the foreclosure was not complete ; and further, that without either a common law or a statute conveyance the title did not pass. In the *Cohoes Co.* v. *Goss* (13 Barb., 144), it was said by Mr. Justice CADY, that the affidavits were a substitute for a deed, and until made and recorded no title passed. This observation, like those above cited to the contrary, was *obiter;* but in *Layman* v. *Whiting* (20 Barb., 559), it was expressly decided at Special Term, by Mr. Justice GREEN, that the

* In 62 Barb.— [REP.

affidavits took the place of a statutory conveyance, and if not made until after the commencement of the action in ejectment, based on the foreclosure, there could be no recovery; that in such case the plaintiff would fail to show title in himself at the time the suit was commenced, hence must be nonsuited. It was also further held,. that the making and recording of the affidavits after the commencement of the action would not vest the title in the purchaser *by relation*, as of a time previous, so as to enable him to recover. This. case was cited with approval by Judge DAVIES, in *Tuthill* v. *Tracy* (31 N. Y., 157), as were also *Cohoes Co.* v. *Goss* (*supra*), and. *Bryan* v. *Butts* (27 Barb., 503), hereafter alluded to. In this case .Judge DAVIES says: " It is to be observed that no time is fixed by statute for the making and recording of any of the required affidavits. In the absence of any such requirement, it may well be that so long as the purchaser did not wish to assert affirmatively his title, he might omit to have made and recorded these affidavits which are declared by statute the substitute or equivalent of a conveyance by the mortgagor ; " and he adds, " the cases are numerous which hold that the legal title is not transferred to the purchaser, so that he may maintain ejectment for the premises, until the affidavits, required by statute as a substitute for the conveyance, have been made and recorded." For aught that appears to the contrary these remarks received the approval of every member of the Court of Appeals, and, if not a direct decision of the question before us by that court, should be treated with the utmost respect, for, however it may be in our own court, it is not to be admitted that the Court of Appeals will permit loose writing in the opinions which receive its sanction. The point was not decided in *Dwight* v. *Phillips* (48 Barb., 116), although it was remarked that the plaintiff must fail on a new trial, unless allowed *to amend the affidavit* so as to show that the persons served by mail with notice of sale, respectively resided at the places to which the notices were directed ; and it was suggested that it was questionable whether such amendment (that is, *by affidavit*) could be allowed by the court, but that new affidavits might perhaps be filed and recorded, which would lay the foundation of another action. Here, however, the question under examination was not before the court; but in *Bryan* v. *Butts* (27 Barb., 503) the question under examination was considered and

expressly decided at General Term. The action was ejectment. The plaintiff claimed title as purchaser under proceedings for a foreclosure of a mortgage, pursuant to the statute. The proceedings were all regular, except that the affidavits did not show service of notice on the mortgagor. On the trial the plaintiff supplemented the requisite proof by *oral* evidence, as was done in the case at bar; and also produced and read in evidence an affidavit, which had been duly recorded, but made on the day of the trial, showing due service of the notice. The plaintiff was nonsuited, and the General Term held the nonsuit well directed. On reference to the opinion in that case it will be seen that this court, at General Term, determined the precise question, holding that, on a foreclosure and sale by advertisement under the statute, there was no transfer of title, so as to authorize an action in ejectment by the purchaser, until all necessary affidavits have been made and recorded; that the recorded affidavits operated as the statutory transfer of title. This case was precisely like the one in hand, except that in the reported case, in addition to the oral proof, a recorded affidavit, made on the day of the trial, was also read, supplementing the omitted fact. But it was held that neither the oral proof nor the proof by affidavit, made and recorded after the suit was commenced, answered the objection. As above suggested, this case was cited with approval in *Tuthill* v. *Tracy*, in the Court of Appeals, as was also *Layman* v. *Whiting*, which latter case was affirmed at General Term, as indicated by Mr. Justice JOHNSON in *Bryan* v. *Butts* (p. 505). Thus it seems we have two cases, where the precise question before us has been determined by this court, both of which have been cited with approval by the Court of Appeals, with only *obiter dicta* intimating to the contrary of the rule declared in those decisions. Undoubtedly we must abide by the decisions so solemnly pronounced in this court, standing as they do neither reversed or overruled. The question, it seems, is not an open one. Thus it was in obedience to " express adjudications " that the learned judge held in this case, that the oral proof given on the retrial did not relieve it from the objection declared by the Commission of Appeals to be fatal to a recovery. This conclusion renders the examination of all other questions in the case unnecessary.

The judgment must be affirmed with costs.

BOARDMAN, J., concurred.  LEARNED, P. J., concurred on the ground that the question involved has been decided in this court in *Bryan* v. *Butts.*

Judgment affirmed with costs.