## PEOPLE ex rel. WILSON v. WARDEN OF CITY PRISON.

(Supreme Court, Appellate Division, Second Department.    May 29, 1912.)

1. EVIDENCE (§ 70*)—PRESUMPTIONS—WRITINGS—DATE OF SIGNATURE.

In the absence of any statement or explanation of the time when a paper was signed other than its date affords, it must be presumed that it was signed on the day it bears date.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 91; Dec. Dig. § 70.*]

2. CRIMINAL LAW (§ 212*)—PRELIMINARY COMPLAINT—SUFFICIENCY OF INFORMATION.

Code Cr. Proc. §§ 148, 149, provide that a magistrate, on information, must examine the informant and any witnesses produced, on oath, and take their depositions setting forth the facts tending to establish the crime. A police officer, by information duly signed and sworn, charged the relator under a fictitious name and in general terms with keeping a disorderly house, without stating any facts except that the information was based on facts set forth in an accompanying affidavit. No affidavit accompanied the information, but a paper was annexed thereto, signed by the informant, which was not verified, but purported to have been sworn to two days after presentation of the information and issuance of the warrant thereon. *Held*, that the facts could not be regarded as having been attested under oath, and hence that the magistrate was without jurisdiction to arrest and commit the relator.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 441–443; Dec. Dig. § 212.*]

3. HABEAS CORPUS (§ 3*)—GROUNDS FOR REMEDY—DETENTION FOR EXAMINATION.

A person arrested under a warrant issued by a magistrate, charging the commission of a crime, is not obliged to await an examination, but may resort at once to a writ of habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 3; Dec. Dig. § 3.*]

4. HABEAS CORPUS (§ 94*)—PROCEEDINGS—REVIEW—MATTERS CONSIDERED—JURISDICTION OF COMMITTING MAGISTRATE.

On habeas corpus, the appellate court may look back of the warrant to see if the facts stated in the depositions of the informant and his witnesses confer jurisdiction upon the magistrate to issue the warrant.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 82, 92; Dec. Dig. § 94.*]

Appeal from Special Term, Kings County.

Habeas corpus by the People of the State of New York, on the relation of Sadie Wilson, against the Warden of the City Prison. From an order of the Supreme Court dismissing the writ and remanding the relator to the custody of the respondent, relator appeals. Reversed, writ sustained, and relator discharged.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

W. A. Fischer, of Brooklyn, for appellant.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for respondent.

HIRSCHBERG, J.  The relator is held in custody in the city prison in the borough of Brooklyn under a commitment issued by one of the city magistrates, directing that she be held to answer to the Court of Special Sessions upon a charge of keeping a disorderly house in said borough on the 27th day of February, 1912.  She sued out a writ of habeas corpus, and on its return the respondent justified her detention by the committal proceedings, the return of which was traversed by her on the ground that the commission of the crime charged against her was not legally established thereby and that the magistrate accordingly was without jurisdiction to hold her.  On the hearing on the return of the writ, the learned Special Term granted the order appealed from, which dismisses the proceedings, quashes the writ of habeas corpus, and remands the relator to the prison to await trial.

[1, 2]  It seems to me that the commitment by the magistrate was clearly invalid, and that he was without jurisdiction on the papers as presented.  By sections 148 and 149 of the Code of Criminal Procedure, it is provided, in substance, that, when an information is laid before a magistrate of the commission of a crime, he must examine the informant and any witnesses produced, on oath, and must take depositions subscribed by them setting forth the facts tending to establish the commission of the crime.  The informant in the case at bar was a police officer, and he presented to the magistrate an information duly signed and sworn to on the 5th day of March, 1912, charging the relator, under the name of Jane Doe, in general terms with the commission of the offense of keeping a disorderly house.  No facts are stated in the information; the allegation in relation to the facts in the case being stated therein as follows:

"Deponent further states that he makes this complaint based upon the facts set forth in the accompanying affidavit which is hereto annexed and made part of this complaint."

The warrant for the apprehension of the relator was issued on March 5, 1912, and was dated that day, and by virtue of it she was arrested and committed as hereinbefore stated.  No affidavit, however, accompanies the information.  There is a paper apparently annexed thereto, signed by the police officer who made the complaint.  It is not verified, but purports to have been sworn to on the 7th day of March, 1912, two days after the presentation of the information and the issue of the warrant.  The jurat is unsigned.  There is no statement or explanation of the time when the paper was signed other than its date affords, and it must be presumed that it was signed on the day it bears date.  Jackson v. Hill, 5 Wend. 532, and Robinson v. Wheeler, 25 N. Y. 252, 260.

Assuming that the paper sets forth facts sufficient to justify the inference of the existence of the crime charged, such facts cannot be regarded in the circumstances as being attested under oath, nor can

the paper itself be regarded as a legal deposition, and the relator is therefore entitled to resort for her protection to the writ of habeas corpus.

[3] In People ex rel. Perkins v. Moss, 187 N. Y. 410, 80 N. E. 383, 11 L. R. A. (N. S.) 528, it was held that a person, arrested under a warrant issued by a magistrate and charging the commission of a crime, is not obliged to await an examination, but may resort at once for his protection to a writ of habeas corpus.

[4] It was further held in that case that upon such a proceeding the court would look back of the warrant to see if the facts stated in the depositions of the prosecutor and his witnesses conferred jurisdiction upon the magistrate to issue it, and that, unless there was some evidence to sustain it, the warrant is a nullity and the defendant is entitled to his discharge.

There being no legal evidence in the case at bar of the commission of a crime by the relator, it follows that the order appealed from should be reversed, the writ of habeas corpus sustained, and the relator discharged from custody. All concur.