THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN HAGAN, Defendant.

Court of Special Sessions, City of New York, New York County, Part 1, January 8, 1931.

*Hamilton Ward, Attorney-General* [*Alexander A. Tausky* and *Myles A. Page, Deputy Attorneys-General,* of counsel], for the plaintiff.

*Floyd H. Wilmot,* for the defendant.

FRESCHI, J.   We are required in ruling upon defendant's motion for an acquittal made at the close of the trial of this action, to determine whether this prosecution is barred by the lapse of the statutory period of two years after the commission of the crime alleged in the information filed by the district attorney in this court pursuant to the provisions of the Code of Criminal Procedure.

All crimes must be prosecuted by indictment, except, among other cases, such crimes as are, in special statutes, specified as cognizable by Courts of Special Sessions in the city of New York (Code Crim. Proc. § 4).   This court has exclusive jurisdiction of all misdemeanors except libel, which is specifically excepted in the statute, and they must be prosecuted under and pursuant to an information filed by the district attorney where there has been a holding by a magistrate upon a complaint before him, or filed by direction of a grand jury with the approval of the court for which the grand jury was drawn.   This information shall be signed by the district attorney of the county wherein the action was begun (Code Crim. Proc. § 222); and it takes the place of an indictment and confers jurisdiction upon the Court of Special Sessions to hear and determine the misdemeanor.

Upon the charge hereinafter set forth the defendant entered upon the minutes of this court a plea of not guilty; and, as provided in section 339 of the Code of Criminal Procedure, it is proper for him under the general issue to urge and for this court to consider the defense of the Statute of Limitations as a legal bar here.   (*People v. Durrin,* 2 N. Y. Cr. 328.)   (See, also, *People v. Blake,* 121 App. Div. 613, 617.)

The Attorney-General, on behalf of the People, has proven that on the 19th day of January, 1928, the defendant had in his employ one Ernest Codden, a claimant before the Department of Labor, State of New York, who sustained injuries in the course of his employment for which an award was made to him in the sum of $3,918.50, and that the defendant then carried no workmen's compensation insurance covering such employment as required by section 50 of the Workmen's Compensation Law.   Such failure is punishable as a misdemeanor.   These facts are not disputed.

A prosecution for a misdemeanor must be commenced within two years after its commission.   (Code Crim. Proc. § 142.)   The commencement of such a prosecution is defined to be the laying of an information, also known as a complaint, before a magistrate

and the issuance of a warrant or the filing of an indictment by a grand jury within such period. (Code Crim. Proc. § 144.) No indictment was ever presented by a grand jury. As proof of the fact, though, that this action was duly commenced as required by law before a magistrate, the Attorney-General adduced proof that the proceedings against the defendant were first instituted by the issuance of a summons returnable on December 6, 1929, instead of a warrant. Authority for this is to be found in section 82 of the Inferior Criminal Courts Act (Laws of 1910, chap. 659) and section 150 of the Code of Criminal Procedure to inquire into and investigate the complaint made by the Department of Labor. Upon the return day of the summons, when the defendant personally appeared, a formal written and signed complaint was presented to and filed with the magistrate presiding in the City Magistrates' Municipal Term Court, charging this defendant with the violation above stated. While it be true that this is not one of the cases enumerated in the Inferior Criminal Courts Act (§ 83), where a summons may be substituted for arrest, still no warrant of arrest was necessary since the defendant summoned had appeared in person to answer. The only function and office of a warrant is to bring the accused into court. Often arrests and arraignments in certain cases are made without warrants. " The magistrate acquires jurisdiction of the person when the person is placed in his custody charged with a crime." (*People ex rel. Gunn* v. *Webster*, 75 Hun, 278; *Shappee* v. *Curtis*, 142 App. Div. 155.)

The complaint laid before the magistrate on December 6, 1928, was subscribed by Rose Higgins, an investigator of the Department of Labor. According to her testimony before us, which we think is conclusive as to when she first signed her affidavit and before whom it was sworn to, she states that the oath was administered by Magistrate McANDREWS, and that she did then swear to the truth of such complaint. This strengthens the presumption in favor of the People that the magistrate proceeded regularly (*People* v. *Fisher*, 223 N. Y. 459, 460), notwithstanding that the certificate of the jurat, although dated December 6, 1929, was not subscribed and attested by him. On a later date, January 31, 1930, Magistrate EARL SMITH, succeeding the former by assignment, observed this omission and signed the verification of said complaint.

The form and sufficiency of the averments of this complaint have not been attacked, except in the matter of the verification. This formal accusation against the defendant laid the foundation for and conferred upon the magistrate the necessary jurisdiction of this crime and of the defendant then before him pursuant to a process that had taken the place of a warrant; besides, the defend-

ant had thus practically submitted to a constructive custody, entered a denial to the charge, requested and secured a postponement of the hearing thereon to January 3, 1930, all of which Magistrate McANDREWS thereupon indorsed on the original papers. No bail for the appearance of defendant for examination was required, except when he was later held for trial. To all intents and purposes this constitutes the taking of a deposition in writing, subscribed by and on oath of the person making it within the purview of section 148 of the Code of Criminal Procedure in a judicial proceeding, of which the defendant had knowledge and by which he is bound. (*Matter of Richardson*, 247 N. Y. 401, 412.) Several adjournments followed in the Magistrates' Court, and finally on June 20, 1930, the defendant was held in default of bail to answer for trial in this court. Accordingly, the information of the district attorney was filed herein on July 2, 1930. (See Code Crim. Proc. § 221.)

In my judgment this constitutes a substantial compliance with the requirements of the provisions of the Code of Criminal Procedure, and the omission by the magistrate on December 6, 1929, to subscribe the jurat was not a serious error prejudicial to the legal rights of the offender, such as would vitiate and nullify the proceedings before him. (Code Crim. Proc. § 684.) (See, also, *People* v. *Portman*, decided Feb. 24, 1930, by WALLING, J., Court of Special Sessions.) Even the omission of the district attorney's name from an indictment properly prosecuted has been regarded as an immaterial error or defect which is not jurisdictional. (*People* v. *Foster*, 60 Misc. 3.) (See, also, *People ex rel. Wilson* v. *Warden*, 151 App. Div. 108, 109; *People ex rel. Lindgren* v. *McGuire*, Id. 413.) Hence, we have the commencement of a prosecution before a magistrate within two years of the date of the commission of the crime, resulting in a holding of defendant for trial in the Court of Special Sessions, the transmission of the papers as required by section 221 of the Code of Criminal Procedure, and the filing of an information by the district attorney.

Defendant's counsel contends that sections 142 and 144 of the Code of Criminal Procedure, *supra*, as amended by Laws of 1929, chapter 246, are not controlling here, on the ground that they had not been enacted and were not in force and effect when this crime was committed. He insists that this court apply, instead, the prior statutes in effect on January 19, 1928, which required that an indictment must be filed by the grand jury within the two-year period in the Court of Special Sessions, otherwise the action is outlawed; and that inasmuch as that was not done, the court never obtained jurisdiction and the defendant is, therefore, entitled to be discharged.

At the time when this crime was committed, section 142 of the Code of Criminal Procedure read: "An *indictment* for a misdemeanor must be found within two years after its commission," and by section 144 of the Code of Criminal Procedure it was provided that "An indictment is found, within the meaning of the last three sections, when it is duly presented by the grand jury in open court, and there received and filed." By chapter 246 of the Laws of 1929, which became operative on July 1, 1929, section 142, *supra*, was amended to read: "A *prosecution* for a misdemeanor must be commenced within two years after its commission," and the Legislature also amended section 144, *supra*, by providing a definition as to when a prosecution is deemed commenced. It states: "A prosecution is commenced, within the meaning of any provision of this act which limits the time for commencing an action, when an information is laid before a magistrate charging the commission of a crime and a warrant of arrest is issued by him, or when an indictment is duly presented by the grand jury in open court, and there received and filed."

Obviously, these changes neither extended nor shortened the statutory limitation of two years. They merely elaborated the method or procedure by which to arrest or interfere with the running of the period. All such laws must be given a reasonable construction " in furtherance of their manifest object."

It is a general rule that Statutes of Limitation do not create vested or substantive rights; they deal merely with a remedy (*House* v. *Carr*, 185 N. Y. 453) and are available only as a defense. (*Kelly Asphalt B. Co.* v. *Brooklyn A. A. Co.*, 190 App. Div. 750, 757, 758.)

The defendant relies upon the case of *People* v. *Lord* (12 Hun, 282). There the legislative act of May 28, 1873, extended the statutory limitation period within which to prosecute Lord from three to five years for misconduct while he was a member of the State Assembly. The law in effect when that offense was committed required the finding and filing of an indictment within three years after its commission. The indictment charged the offense on February 1, 1871, and it was filed on September 25, 1875. The *Lord* case presents, I think, quite a different situation from the question before us. Speaking with reference to statutes of limitation in criminal actions, MULLIN, P. J., writing at page 288 in the *Lord Case* (*supra*), said: " Here the State is the grantor surrendering, by act of grace, its right to prosecute, and ordering the offense to be no longer the subject of prosecution." And he adds: " The statute is not a process to be strictly and grudgingly applied, but an amity, declaring that after a certain time oblivion shall be cast

over the offense, and that the offender shall be at liberty to return to his country, and that from henceforth he may cease to preserve the proofs of his innocence, for the proofs of his guilt are blotted out." While the court speaks of liberally construing such statutes in favor of defendants, the court regards " time " of the essence and states (at p. 289): " the very existence of the statute, is a recognition and notification by the legislature of the fact that time, while it gradually wears out proofs of innocence, has assigned to it fixed and positive periods in which it destroys proofs of guilt." The case at bar, on the other hand, does not deal with a changed period of time; the amended sections 142 and 144 still bar a prosecution after two years from the commission of the offense as provided in the original Statute of Limitation in force when this crime was committed but certain procedural changes were provided to enable an additional method besides the filing of an indictment as a means of notification to the defendant. It was simply an additional way of initiating a prosecution, and perhaps a better and more consistent procedure in the light of the practice in our criminal courts under the Criminal Code. It must be noted that the Legislature did not include in the provisions of the amendments to these sections of the Code any saving clause or exclude any existing case from its operation. The strong presumption, in the absence of such an exception, is that the lawmakers intended to make none. (37 C. J. 694.) The case of *McMahon* v. *Arnold* (107 App. Div. 132) illustrates how, in that instance, the Legislature denoted that future and not past cases are affected by such a change in the matters there litigated.

The purpose of the statute has been in every respect fully accomplished. After all, the important thing, in the light of the circumstances here, is the proper exercise of jurisdiction by a magistrate over the matter and the person within the statutory period, proceedings in which the defendant acquiesced; and he should not be allowed here for the first time to complain that there was any irregularity before the magistrate that is not jurisdictional. (See *Nowak* v. *Waller*, 10 N. Y. Supp. 199; affd., 132 N. Y. 590.)

I advise that the defendant's plea be overruled and his motion denied, and the defendant should be adjudged guilty as charged.

All concur; present, WALLING, P. J., FRESCHI and DIRENZO, JJ.

Ordered accordingly.