THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of RUEBEN TIMMINS, Complainant, *v.* EDWIN SPRINGER, Defendant.

City Magistrates' Court of New York, Borough of Queens, Second District, October 20, 1938.

*William C. Chanler, Corporation Counsel [Charles C. Weinstein* and *Edward Thompson, Special Assistant Corporation Counsel in Charge,* of counsel], for the People of the State of New York.

*Winne & McDougal,* for the defendant.

HOCKERT, C. M. The defendant is charged with a violation of section 42 of article 2 of the rules and regulations for the conduct of pedestrian and vehicular traffic, issued by the police commissioner. These rules were made pursuant to section 435 of the New York City Charter, effective January 1, 1938. At the time of this charter's going into effect all ordinances were abolished, and local law and such rules and regulations have taken their place and have the same effect as law.

The defendant has raised the question of the right of Lieutenant Timmins of the fire department to serve a summons in this case. Section 487a–15.0 of the Administrative Code prescribes that officers and members of the fire department in the performance of their duties shall have the powers and perform the duties of peace officers, but their right to serve process in criminal actions shall be restricted to cases arising under laws relating to fires and the extinguishment thereof and to fire perils. In my opinion this is not a criminal

action and the interpreting of the second part of that section is not involved. Subdivision h of section 116 of the Inferior Criminal Courts Act empowers and directs the board of city magistrates to prepare and issue summonses in blank, attested in the name of its chief city magistrate, to members of the police force and all other peace officers in the city of New York. Therefore, the issuance of the summons in this case was clearly within authority of the officer. In any event, by the appearance of the defendant in person and by counsel jurisdiction attaches and it cannot later be questioned. (*People* v. *Hagan*, 138 Misc. 771; affd., 235 App. Div. 784.)

The defendant is charged with failure to yield the right of way to a fire apparatus and immediately drive to a position parallel and close to the curb when the driver of the apparatus is giving audible signal by siren, exhaust, whistle or bell.

The People's witnesses were on many of the facts in disagreement, but not as to the essential elements. All agreed that the bell, siren and buck-eye whistle were sounding and had continually since leaving the fire house, and that the hook and ladder apparatus was the fourth fire vehicle to go through New York avenue responding to a fire; that the defendant's car came from the west and struck the apparatus, causing some slight damage. The defendant stated he heard no warning signal of any kind, although the accident occurred at three-forty A. M., and did not see any of the other fire apparatus or this one until twenty-five feet therefrom, and that he was proceeding at the rate of twenty-five miles per hour. Liberty avenue, where the defendant was proceeding in his car, is a wide, paved roadway, well lighted, giving ample opportunity for an ordinarily careful driver to comply with the section. The defendant's version of the accident is unworthy of belief, and even according to his story he could easily have slowed down and pulled alongside of the curb and avoided a collision.

The defendant is, therefore, found guilty as charged.