## JACKSON, *ex dem.* BRISTOL AND OTHERS, *against* ELSTON.

Explicit evidence of notice of a prior unregistered deed must be given, in order to destroy the effect of a subsequent registered deed. Where a person purchases the possession of an occupant of land, without colour of title, and afterwards conveys the land to another, in fee, this is such an adverse possession as will avoid a grant from the true proprietor.

THIS was an action of *ejectment* for lot No. 33, in the township of *Cato*, formerly *Brutus*, tried at the *Cayuga* circuit, in *June* last, before Mr. Justice *Van Ness*, when a verdict was taken for the plaintiff, subject to the opinion of the court on the following case: Letters patent for the lot in question were issued to *Enos Haggerty*, a soldier, in the line of this state, dated the 19th of *February*, 1791. The marriage and death of *Haggerty* were proved, and that *Julia Ann Williams* was his only surviving child by that marriage. The plaintiff also gave in evidence a deed for one half of the lot in question, to *Charles B. Bristol*, one of the lessors, from *Alexander Williams*, and the said *Julia Ann*, his wife, dated the 5th of *March*, 1809, and recorded in the office of the clerk of *Cayuga* county, the 27th of *August*, 1811; also, a deed from the said *Williams* and his wife, for one equal half of the said lot, to *Daniel M. Bristol*,

dated the 4th of *March*, 1811, and recorded in the same office the 27th of *August*, 1811.

The defendant gave in evidence a deed from *Julia Ann Haggerty* to *Jehiel Day*, dated the 27th of *August*, 1795, for one half of the said lot; and, also, another deed between the same parties, dated the 19th of *December*, 1796, for an equal half of the same lot; but neither of these deeds had been recorded. He also produced a deed from *Abraham Bell*, dated the 22d of *March*, 1808, for the whole lot, and proved that he was in possession of the premises in question, under that deed, at the date of the deeds from *Julia Ann Williams* and her husband, to the *Bristols*, above mentioned. It appeared that, eight years ago, *Bell* purchased the possession of some person then on the lot, but without colour of title, and that, at that time, about fifteen acres had been cleared and improved; and that, at the time of the trial, about thirty acres had been cleared.

*Rice*, for the plaintiff, contended, that there was no adverse possession in this case, and that the person of whom *Bell* purchased the mere possession, must be considered to have held it for the rightful owner, *Williams*. He cited *Brandt* v. *Ogden*, (1 *Johns. Rep.* 156.) *Smith* v. *Burtis*, (6 *Johns. Rep.* 197.) *Jackson* v. *Sharp*, (9 *Johns. Rep.* 164—166.) *Doe* v. *Campbell*, (10 *Johns. Rep.* 475.)

*Kellogg*, contra, contended, that the entry, though with mere colour of title, was sufficient to make out an adverse possession. In *Jackson* v. *Sharp*, the defendant entered without colour of title, for the benefit of the patentee. This case was, in this respect, like that of *Jackson* v. *Wheeler*, (10 *Johns. Rep.* 164.) If the defendant entered on the 15 acres, claiming title to the whole, the case of *Jackson*, ex dem. *Putnam*, v. *Bowen* (1 *Caines' Rep.* 358.) was in point, and decisive as to the adverse possession.

*Per Curiam.* The title of the *Bristols*, two of the lessors of the plaintiff, cannot be affected by the two deeds, previously executed to *Jehiel Day*, for the same premises, because neither of those deeds were recorded; and it does not appear that the *Bristols* purchased, with notice, or knowledge of those prior

deeds to *Day*; and explicit proof of such notice, or knowledge, is indispensable to supply the defect of a prior registry. Without such evidence, the deed first registered must prevail against a previous unregistered deed, or the statute, requiring the registry of those deeds, would be nugatory. But it appears from the case, that on the 22d of *March*, 1808, the defendant had purchased from one *Abraham Bell*, the whole of this lot, and that he was in possession of the premises in question, under that deed, at the dates of the two deeds to the *Bristols*. It is, therefore, evident, that the defendant entered and possessed under *Bell's* deed to him. This was an original entry, under colour of title, sufficient to make it a possession and holding adverse to the title of *Williams* and his wife, and prevents the operation of the deeds given by them to the *Bristols*; and having thus entered, and improved a part of the lot, with a claim to the whole, under this deed, he must be deemed in adverse possession of the whole lot.

If an adverse possession of part, with a claim of title to the whole lot, for twenty years, would bar the action of *ejectment*, and we have so decided in *Jackson, ex dem. Putnam and others*, v. *Bowen*, (1 *Caines*, 358.,) then it will hardly be questioned, but that the existence of this possession will destroy the operation of the deeds given to the *Bristols* at the time; nor can the manner it was originally obtained by *Bell*, change the character of the possession; because the defendant held under a deed in fee, and claimed the whole, in virtue of that deed. Whether the person who sold to him had purchased the naked possession, or not, cannot avail. The lot was held and possessed adversely, at the date of those deeds, and that is sufficient. They must be deemed inoperative and void.

Judgment for the defendant.