<div style="margin-right:0">Smith<br>v.<br>James.</div>

<div align="center">New trial denied.</div>

---

<div align="center">*Smith <em>against</em> James & James.</div> <div align="right">[*328]</div>

Trover for a quantity of whiskey and flour; tried at the New York circuit, January 18th, 1826, before Edwards, C. Judge.

It appeared at the trial, that in the spring of 1824, the plaintiff sent from Manlius, Onondaga county, to the city of New York, 54 barrels of flour and 33 barrels of whiskey, consigned to Herriman & Nash; and which passed from Albany to New York, in the sloop Genesee. May 24th, 1824, the plaintiff advised the consignees, that the flour and whiskey had been sent, authorizing them to sell it, and place the net proceeds to his credit; he being indebted to them. The sloop reached New York, with the property, on the 27th of June, 1824; and one of the consignees demanded it of the captain; and sold the whiskey to one Cooper. The Captain, however, delivered the property to one Harrington, who claimed a right to it, and Harrington sold it to the defendants. The defendants, on the trial, made out no color of right in Harrington, to the flour. As to the whiskey, it appeared that Harrington, being indebted to the plaintiff, had agreed with him to take the plaintiff's grain, and manufacture it into whiskey; the

<div style="margin-left:60%">Though consignees may maintain trover for goods before they have reached them, especially where they have the direction of the consignor to sell the goods, and credit the net proceeds to the consignor; yet the consignor may also have that action for the goods, even after they have reached the port of destination, and been demanded by the consignees. Semble, that trover lies at the suit either of the general or special owner of goods: and that a recovery by one will bar the other.</div>

H. being indebted to J. agreed with the latter to take his corn, and manufacture it into whiskey; and that the latter should sell the whiskey, crediting H. with what it brought beyond the price of the corn. The whiskey being manufactured, and delivered to S. for sale; *held*, that H. had no interest whatever in the whiskey.

NEW YORK, plaintiff to sell the whiskey, and credit whatever it sold for,
May, 1827.
———— more than the grain would have brought, on his account
Smith
v.      against Harrington.   On the 18th of June, the plaintiff
James.   demanded the property of the defendants, who offered to
give it up, if the plaintiff would pay $600.   The plaintiff
offered to pay the expenses which had arisen after the deli-
very from the sloop; but not for the freight, nor any inter-
est which Harrington had.

The defendants' counsel moved for a nonsuit, on the
ground that Harrington was a joint owner, or interested in
the whiskey; and as to the flour, that the action should
have been in the name of the consignees.   The judge over-
ruled the motion.   Verdict for the plaintiff, $700.

[*329]        *S. A. Foot, for the defendants, moved for a new trial.
He cited 1 B. & P. 563; 1 H. Bl. 37.

P. W. Radcliff, contra, cited 1 Camp. 331; 2 B. & C.
401; 2 H. Bl. 590; 10 John. 226; 2 Saund. 47, note (1;)
7 John. 535; 2 Ph. Ev. 118, and the cases there cited;
Paley on Agency, 249.

Curia, per SAVAGE, Ch. J.   Two points are raised: 1.
That the action should have been brought by Herriman &
Nash; and 2. That the plaintiff and Harrington were part-
ners as to the whiskey.

As to the first point; it is perfectly well settled, that an
action of trover may be brought by the general owner, or
by a person having a special property.[1]   The plaintiff was
the general owner; and till the property passes from him,
it draws to it the possession, so as to enable him to prose-
cute in this action.

I am free to admit, that the consignees in this case, had,
by the plaintiff's letter, such an interest in the property
consigned to them, as would have enabled them to sustain
the action.   In Fowler v. Down, (1 B. & P. 47,) chief jus-
tice Eyre says, "It is not true that in cases of special pro-
perty, the party must once have had possession, in order to

[1] See ante, note to p. 300.

maintain trover; for a factor, to whom goods have been consigned, and who has never received them, may maintain such an action." But the action cannot be maintained by both general and special owner; and a recovery by one is a bar to an action by the other.

The case of *Haille* v. *Smith*, (1 B. & P. 563,) cited by the the defendants' counsel, is not applicable. The question there was between the parties to the consignment. The property was consigned to cover a special responsibility; and the law between principal and factor did not arise. It was consigned upon a special agreement. No such agreement existed in this case.

The defendants are strangers, who have officiously intermeddled with this property; and it is sufficient for them that they can be made responsible but once.

*As to the second question; I cannot see that Harrington had any possible interest in the whiskey. The excess for which it sold, beyond the value of the grain, was to be a compensation for his labor; and even that was not to come out of the avails of the whiskey. Harrington had already received his pay; but the amount was not liquidated, and could not be, till a sale of the whiskey took place.

[*330]

There is, therefore, no ground for setting aside the verdict, appearing upon the case. [The chief justice also examined the motion as it depended on newly discovered evidence; which it is not deemed material to notice.]

New trial denied.