FREDERICK A. SANDS, Appellant, *v.* JOHN HUGHES et al., Respondents.

The rule that one who enters upon lands under a conveyance in fee from a lessee enters as tenant to the lessor, and that this relation being once established attaches to all who may succeed to the possession through or under the tenant immediately or remotely, and precludes them from acquiring a title hostile to that of the lessor, and from originating an adverse possession, applies only where the conventional relation of landlord and tenant exists, and some rent or return is in fact reserved; it is not applicable to one holding under an assessment lease. An adverse possession may be originated during the running of such a lease, which will ripen into a title in twenty years after the end of the term.

Where one who enters under an assessment lease subsequently grants the land in fee to another, who enters and holds under that grant, claiming title, the possession is adverse to that of the owner of the reversion, and a conveyance from the latter while the land is so held is void under the provision of the statute declaring void a grant where the land is in the actual possession of a person claiming under a title adverse to that of the grantor. (1 R. S., 739, § 147.)

Entry and possession of land under a deed given without right in the grantor is entry under color of title and the possession is adverse to the rightful owner.

Where a grantee of the owner of the reversion during the existence of a term brings ejectment claiming the lease to be null and void, he cannot at the same time claim the lease to be operative for the purpose of disabling the lessee from setting up a hostile title or an adverse possession.

The mere taking by a purchaser of a bad title is not fraud, nor is the doctrine of constructive notice of defects in a title, arising out of neglect to investigate upon the part of the purchaser, applicable to the question of adverse possession under such title; whether the party in possession claiming title entered with or without knowledge of an outstanding title is not material, provided he claims in hostility to it.

(Argued May 19, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city of New York, affirming a judgment entered on the report of a referee, dismissing the complaint.

The action was ejectment for the recovery of lot No. 912,

on the map of the property of Charles Henry Hall, situate on the northerly side of One Hundred and Twenty-eighth street, in the city of New York.

The plaintiff proved that on and prior to November 23d, 1827, Charles Henry Hall was in possession of the lot, and deduced a regular chain of title from him to Jacob Bell, who purchased it in 1843 and died in 1852. On the 9th of August, 1870, his widow and heirs-at-law conveyed the lot to the plaintiff, who on the 26th of September, 1870, brought this action.

At the time of that conveyance and of the commencement of the action the lot was in the actual possession of the defendant Hughes and his co-defendants, who were his tenants.

Hughes claimed under a deed from Samuel Walter, dated March 16, 1869, and duly recorded, whereby, in consideration of $1,875, Walter granted, bargained and sold to him in fee the lot in question, describing it by metes and bounds, and to the description were added these words, " and is the easterly of the three lots mentioned and described in that certain indenture of lease made by the mayor of the city of New York to Wm. R. Stafford, dated June 8, 1850, for one hundred years from the date thereof, and recorded," etc., etc., and assigned by Stafford to Joel W. King, and by him to Sylvia King, in the year 1851.

The defendant's grantor, Samuel Walter, had been in possession of the lot since the year 1852. He had built a house upon it and occupied it. His only paper title was a quitclaim deed from Sylvia King, dated April 8, 1852, and duly recorded, whereby in consideration of $300 she remised, released and quitclaimed to Walter, his heirs and assigns forever, the lot in question by a description similar to that contained in the deed from Walter to Hughes, including the reference to the corporation lease and assignment.

Sylvia King had gone into possession with her son, Joel W. King, in or prior to the year 1851. They occupied three lots adjoining each other, of which the lot in question was

one.    They built a house on one of the lots and the others
were fenced in.    It does not appear that they had any paper
title except the corporation lease.

On the trial the plaintiff offered in evidence, for the pur-
pose, as he alleged, of showing the claim under which the
defendants occupied the premises, the lease and assignments
referred to in the deeds.    The lease recites that it was made
pursuant to a sale for the non-payment of an assessment for
opening One Hundred and Twenty-eighth street, and is in
the usual form of such leases.    The defendant, Hughes, was
a witness upon the trial, and was asked by the plaintiff's
counsel, in reference to the deed from Walter, the following
questions :  " Did you ever know what title you obtained under
that deed ?"   " Did you ever know what title Samuel Walter
claimed under ?"    These questions were excluded by the
referee and exception was taken.    The referee held that at
the time of the delivery of the deed from the heirs of Bell
to the plaintiff (August 9, 1870), the premises were in the
actual possession of a person claiming under a title adverse to
that of the grantors, and that said deed was void, and the com-
plaint should be dismissed.    On appeal to the General Term
the judgment entered upon the referee's report was affirmed,
and the plaintiff appealed to this court.

*Samuel Hand* for the appellant.    Plaintiff had a right to
offer in evidence the corporation lease and assignments down
to defendants' grantors, to explain defendants' occupation,
without being bound to accept them as valid.    (1 Phil. on
Ev., C. & H. notes, 3d ed., 185 ; 1 Phil. on Ev., 193–195 ; 1
Greenl. on Ev., §§ 108, 109, 527, 527 *a ; Flora* v. *Carbeau,*
38 N. Y., 113 ; *Smith* v. *Burtis,* 9 J. R., 174.)    As privies in
estate, defendants are bound by the admissions and declara-
tions of those from whom they derived title.    (1 Phil. on Ev.,
367, 391, 393 ; 1 Greenl. on Ev., §§ 189, 190; 2d id., § 305.)
Plaintiff did not waive his right to deny the validity of the
lease and assignments by introducing them in evidence.    (1
Phil. on Ev., C. & H. notes, 417, 422; 4 id., 397, note, 220 ;

1 Greenl. on Ev., §§ 82–86.) The corporation lease could only be evidence of the sale of the land. (1 Greenl. on Ev., §§ 493, 495, 498; 4 Phil. on Ev., 241; *Williams* v. *Merle*, 11 Wend., 82; 1 R. L., 2d ed., 400, §§ 84–89; Davies' N. Y. City Laws, 843, 869; *Striker* v. *Kelly*, 2 Den., 323; *Doughty* v. *Hope*, 3 id., 602; 1 Comst., 79; *Tallman* v. *White*, 2 id., 69; *Westbrook* v. *Willey*, 47 N. Y., 460; *Hoyt* v. *Dillon*, 19 Barb., 649; *Varick* v. *Tallman*, 2 id., 113; *Leggett* v. *Rogers*, 9 id., 411; *Jackson* v. *Shepard*, 7 Cow., 88; *Beekman* v. *Bingham*, 5 N. Y., 366.) Plaintiff's title to the premises having been established by the evidence, defendants must show by strict and positive proof that their title is adverse to said legal title. (Code, § 81; *Stevens* v. *Hauser*, 304; *Hammond* v. *Zehner*, 21 id., 120; *Tyler* v. *Hudorn*, 46 Barb., 464; *Marble* v. *McMinn*, 57 id., 614; *Livingston* v. *Peru Iron Co.*, 9 Wend., 520; *Jackson* v. *Parker*, 3 J. Cas., 124; *Jackson* v. *Sharp*, 9 J. R., 163; *Jackson* v. *Waters*, 12 id., 365; *Jackson* v. *Thomas*, 16 id., 293; *La Fromboise* v. *Jackson*, 8 Cow., 617; *Vandervoort* v. *Guild*, 36 N. Y., 643; *Wickham* v. *Conklin*, 8 J. R., 175; *Howard* v. *Howard*, 17 Barb., 663; *Crary* v. *Goodman*, 22 N. Y., 177; *Clarke* v. *Hughes*, 13 Barb., 147; *Jackson* v. *Davis*, 5 Cow., 123, 129.) Title must be proved to render void a deed because of possession of the land by another. (3 R. S., 5th ed., 30, § 167; *Crary* v. *Goodman*, 22 N. Y., 176; *Stevens* v. *Hauser*, 39 id., 306; *Fish* v. *Fish*, 39 Barb., 513; *Bowie* v. *Brake*, 3 Duer, 35; *Hallas* v. *Bell*, 53 Barb., 247; *Marble* v. *McMinn*, 57 id., 610; *Howard* v. *Howard*, 17 id., 663; *Brady* v. *Began*, 36 id., 533; *Laverty* v. *Moore*, 33 N. Y., 658; *Jackson* v. *Johnson*, 5 Cow., 74; *Jackson* v. *Camp*, 1 id., 605; *Jackson* v. *Bard*, 4 J. R., 230; *Jackson* v. *Hill*, 5 Wend., 532.) A title set up as adverse to an established legal title must be equal to it in character to render void a deed. (*Livingston* v. *Peru Iron Co.*, 9 Wend., 516; *Towle* v. *Palmer*, 1 Abb. Pr. [N. S.], 111; *Howard* v. *Howard*, 17 Barb., 667; *Hoyt* v. *Dillon*, 19 id., 651; *Jackson* v. *Johnson*, 5 Cow., 74, 92; *Smith* v. *Burtis*, 9 J. R., 180; Willard on R. E., 356; *Crary*

v. *Goodman,* 22 N. Y., 248; *Hallas* v. *Bell,* 53 Barb., 248; *Fish* v. *Fish,* 39 id., 513; *Marble* v. *McMinn,* 57 id., 614; *Jackson* v. *Frost,* 5 Cow., 351; *Jackson* v. *Waters,* 12 J. R., 365; *Jackson* v. *Ingraham,* 4 id., 181; *Jackson* v. *Hill,* 5 Wend., 532; *Jackson* v. *Andrews,* 7 id., 152; *La Fromboise* v. *Jackson,* 8 Cow., 605.) The lease could only give a title subordinate to the legal title found in plaintiff's grantors. (*Jackson* v. *Esty,* 7 Wend., 148; *Bush* v. *Davison,* 16 id., 553; *Leggett* v. *Rogers,* 9 Barb., 411; *Tyler* v. *Hudorn,* 46 id., 464; *Chalmers* v. *Wright,* 5 Robt., 718; Davies' Laws City N. Y., 599, 864; Laws 1816, chap. 115, § 2; Laws 1843, chap. 230, § 1, art. 3.)

*James J. Rogers* for the respondents. Defendant Hughes has proved title in fee simple and actual possession in himself. (*Lane* v. *Gould,* 10 Barb., 254; *Hammond* v. *Warfield,* 2 H. & J., 151; 2 Mott & McC. R., 243; *Forney* v. *Lenox,* 8 S. & R., 393; *Jackson* v. *Bowen,* 1 Caines, 358; *Jackson* v. *Elton,* 10 J. R., 452; *La Framboise* v. *Jackson,* 8 Cow., 597; 1 id., 286; *Clapp* v. *Brumagham,* 9 id., 550; *Jackson* v. *Vermilyea,* 6 id., 680; *Mumford* v. *Whitney,* 15 Wend., 381.) Plaintiff having stood by for twenty-five years and seen defendants make improvements on the land, is concluded from asserting title. (1 Eq. Cas. Abr., 356, pl. 10; 3 id., 522, 523, pl. 3; *Doe ex rem. Wickley* v. *Pye,* 1 Esp. R.., 364; 6 T. R., 556; *East India Co.* v. *Vincent,* 2 Atk., 83; *Stiles* v. *Cooper,* 3 id., 692; 5 Ves., 688; 1 Ans., 184; *Adams* v. *Rockwell,* 16 Wend., 285; Lockwood's Rev. Cas., 17.) The deed from Bell to plaintiff was void. (4 Kent, 490; 2 Blk., 33; *Williams* v. *Jackson,* 5 J. R.., 489; *Curtis* v. *Follett,* 15 Barb., 342; *Becker* v. *Van Valkenburgh,* 29 id., 319; *Carpenter* v. *Schermerhorn,* 2 Barb. Ch., 314; *Jackson* v. *Moore,* 13 J. R., 513; *Jackson* v. *Robins,* 15 id., 169; *Woodworth* v. *Jones,* 2 J. Ch., 417; 3 R. S., 5th ed., 30.) Plaintiff by offering in evidence the lease and assignments has proved defendant Hughes' title. (1 Greenl. Ev., § 201; *Child* v. *Chappell,* 5 Seld., 256.) Defend-

ants being entitled to immediate possession, plaintiff cannot recover, and is not entitled to any judgment. (*Atkins* v. *Harde*, 1 Burr., 119 ; *Doe* v. *Staple*, 2 D. & E., 684 ; *Doe* v. *Jackson*, 2 Dowl. & Ryl., 523 ; *Cincinnati* v. *White's Lessee*, 6 Peters, 431; *Hylton* v. *Brown*, 1 Wash., 204 ; *Owen* v. *Fowler*, 24 Cal., 192 ; *Owen* v. *Norton*, id., 373; *Batterton* v. *Joakum*, 17 Ill., 288 ; *Daniel* v. *Le Fever*, 2 Ark., 201 ; Tyler on Eject., 77 ; *Waterson* v. *Cowen*, id., 510 ; *Livingston* v. *Mayor*, 8 Wend., 85 ; *Wyman* v. *Mayor*, 11 id., 486 ; *Childs* v. *Chappell*, 5 Seld., 256.)

RAPALLO, J. The plaintiff's claim to recover in this action necessarily depended upon the assumption that the corporation lease was a nullity; for were it valid and operative, it would have deprived the plaintiff and his grantors of the right of possession while the term continued, and would consequently have defeated the action. Assuming, then, that the lease was unauthorized and void, the heirs of Jacob Bell, at the time of their conveyance to the plaintiff, had an immediate right of entry and possession. At that time, however, the premises were in the actual possession of the defendant, Hughes, under the deed from Walter to him, which purported to convey the fee. Walter had, as the foundation of his title, seventeen years' actual possession under a quitclaim deed to him and his heirs forever, from Sylvia King, which purported to have been given for a valuable consideration. He had built a house upon the land and resided there, and then sold and conveyed it to Hughes in fee for $1,875. The learned referee held that the conveyance from the heirs of Bell, under which the plaintiff claims, was void, for the reason that at the time of that conveyance Hughes was in actual possession of the premises, claiming under a title adverse to that of the plaintiff's grantors (1 R. S., 739, § 147), and on that ground dismissed the complaint. The plaintiff claims that this conclusion was erroneous, for the reason that Sylvia King entered under an assignment of the corporation lease, and that this lease was assigned by her to Walter, and is

referred to in the deed from her to Walter, and likewise in the deed from Walter to Hughes, and that the referee should therefore have decided that Hughes was holding under the lease and not under a title adverse to that of the owners of the reversion. There is some obscurity in the evidence as to whether Sylvia King did in fact enter under the corporation lease. The assignment of it to her was shown, but there was evidence to the effect that she had entered before that time. Conceding, however, that she entered under that lease, there is nothing in the subsequent conveyances limiting their operation or characterizing the possession enjoyed under them as a possession under the lease. The reference to the lease, contained in those deeds, is in the description of the premises only. The lot, after being partially described, is further described as being the most easterly of the three lots which are described in the lease in question, of which the place of record is given. But the conveyance purports to be not of the term but of the entire fee, which is inconsistent with a holding under the lease. The only object of the reference to the lease seems to have been to identify the lot conveyed, not to limit the estate granted. Stating the case in its strongest aspect in favor of the plaintiff, it is that of one entering under an assessment lease and subsequently granting the land in fee to another who enters and holds under that grant.

The plaintiff claims that, even in that view, the defendant cannot set up an adverse possession as against the owners; that Sylvia King became, by operation of law, tenant to the owners of the reversion ; and that the rule applies that one entering under a conveyance in fee from a lessee enters as tenant to the lessor; and that this relation being once established, attaches to all who may succeed to the possession through or under the tenant, immediately or remotely, and precludes them from acquiring a title hostile to that of the lessor and his heirs, and from originating a possession adverse to them. (*Jackson* v. *Davis*, 5 Cow., 123; *Jackson* v. *Har-*

*son*, 7 id., 323; *Jackson* v. *Miller*, 6 Wend., 233; *Sharpe* v. *Kelley*, 5 Den., 431; 2 R. S., 294, § 13; Code, § 86.)

This rule is not applicable to one holding under an assessment lease. It applies only where the conventional relation of landlord and tenant exists, and some rent or return is, in fact, reserved to the former, and not where the relation arises by mere operation of law. (*Jackson* v. *Harson*, 7 Cow., 323.) It is founded upon the acknowledgment of title in the lessor which is implied from the acceptance of the lease and the payment of rent, and the confidence reposed by the lessor in the lessee, to whom the possession is intrusted, and is available only to the lessor, his heirs and assigns. Here the corporation is the lessor; no rent is reserved, and there is no acknowledgment by the lessee of title in any particular person. The lessor did not receive the possession from the grantors of the plaintiff. Where there is a valid assessment or tax lease outstanding, the statute of limitations will not during the term run against the reversioner or his heirs, for the reason that they are not entitled to the possession. Until they are entitled to enter, the statute will not run; it will begin to run only from the expiration of the term. (*Jackson* v. *Schoonmaker*, 4 Johns. R., 402; *Clarke* v. *Hughes*, 13 Barb., 147; *Miller* v. *Ewing*, 6 Cush., 34; *Jackson* v. *Harson*, 7 Cow., 327; *Gerritt* v. *Lynn*, 31 Penn. St., 94.) But there is no rule which prevents a hostile title being acquired, or an adverse possession being originated during the running of an assessment lease, which possession would ripen into a title in twenty years after the end of the term. (7 Cow., 323.)

In the present case, however, the obvious answer to the position of the plaintiff is, that to maintain this action he must establish not merely a title to the reversion, but a right to the immediate possession. This he can do only by rejecting the lease as null and void, it not having been made by the owners of the fee, and the authority of the corporation to make it not having been shown; while his claim that the relation of landlord and tenant existed between his grantors and the defendants, or that there could be no adverse posses-

sion against his grantors by reason of the outstanding term, necessarily assumes the validity of the lease. The plaintiff cannot be permitted, for the purpose of making out his right to immediate possession, to claim that the lease is unauthorized and void, and that no estate or interest thereby passed to the lessee, and that the entries of the lessee and his grantees were tortious from the beginning; and at the same time to allege that the lease is operative for the purpose of establishing the relation of landlord and tenant between his grantors and the defendants, and thus disabling the latter from acquiring a hostile title or setting up an adverse possession. If the lease was valid, the plaintiff has no present right of possession. If void, it could not prevent one entering under a grant in fee from the pretended lessee from acquiring or setting up an adverse possession or hostile claim of title as against the plaintiff's grantors.

Treating the lease as void, Sylvia King entered without any right or title. There was no privity between her and the plaintiff's grantors. She quitclaimed to Walter for a valuable consideration, and he entered, occupied and built upon the property, and then conveyed it in fee to the defendant, Hughes, who entered and occupied as owner under that conveyance. This makes out a clear case of adverse possession in the defendant, within all the decisions.

The entry of Hughes under the deed from Walter was an original entry, under color of title, sufficient to make it a possession and holding adverse to the title of the plaintiff's grantors, and to render their deed to the plaintiff void under the statute, without regard to the manner in which Walter had obtained the possession. (*Jackson* v. *Elston*, 12 Johns., 452.) Possession of land, under a deed given without right in the grantor, is adverse to the rightful owners, and a subsequent deed executed by them during such adverse possession is void. (*Jackson* v. *Smith*, 13 J. R., 406; *Thurman* v. *Cameron*, 24 Wend., 87; *Bradstreet* v. *Clark*, 12 Wend., 602.) It has never been considered necessary, to constitute an adverse possession, that there should be a rightful title in the

party setting up the defence or in his grantor. Whenever that defence is set up the idea of right is excluded. (*Smith* v. *Burtis*, 9 Johns., 180; *Jackson* v. *Ellis*, 13 id., 118; *Jackson* v. *Wheat*, 18 id., 40.; 10 id., 164; 12 id., 488; *Jackson* v. *Newton*, 18 id., 355.) Under the statutes of this State there must be a claim or color of title, but if the entry is under color of title the possession will be adverse, however groundless the title. (*La Frombois* v. *Jackson*, 8 Cow., 589; *Humbert* v. *Trinity Church*, 24 Wend., 387.) The case of *Crary* v. *Goodman*, 22 N. Y., 170, has not changed this rule. The only distinction drawn in that case between a claim of title which will be a sufficient basis for an adverse possession when set up under a defence of the statute of limitations, and when set up for the purpose of avoiding a deed made by the true owner, is that in the former case any general assertion of ownership will suffice, while in the latter some specific title must be asserted by the party in possession, so that it may appear that his claim of title is adverse to that of the grantor in the deed which is assailed. The validity of the title set up by the party in possession is no more at issue in the one case than in the other; the very object of the statute is to prevent the party out of possession from transferring his right to litigate that question.

The case of *Livingston* v. *The Peru Iron Co.* (9 Wend., 511), is relied upon by the appellant as establishing that a deed fraudulently obtained is not available as the foundation of an adverse possession to avoid a subsequent conveyance, nor is one executed by an attorney whose want of authority is known to the grantor. This doctrine has in subsequent cases been controverted, and sought to be confined in its application to a constructive adverse possession claimed by virtue of the boundaries in the deed, only part of the premises included in the boundaries being actually occupied. (*Humbert* v. *Trinity Church*, 24 Wend., 587; *Thurman* v. *Cameron*, 24 id., 87.) The principal case, as reported, does not, in my judgment, admit of this distinction. But however that may be, it does not aid the present case. No fraud is proved or

found by the referee, and there is no question of the authority of the defendant's grantor, as he professed to convey in his own right.    To reverse the decision of the referee, the fraud, if important, should have been found, or proved by uncontroverted evidence, and requested to be found, and an exception taken to the refusal to find it.    The mere taking by a purchaser of a bad title is not fraud; nor is the doctrine of constructive notice of defects in the title, arising out of neglect in the purchaser to investigate, applicable on the question of adverse possession.    This was decided by the Court of Errors in the case of *Clapp* v. *Brumagham* (9 Cow., 558), where a deed from the committee of a lunatic and a deed from one of several tenants in common, were held each to be a good basis for an adverse possession in the grantor.    Some evidence was excluded by the referee on the trial, tending to show that Hughes knew, when he received his deed from Walter, the nature of the title he obtained.    No point was made upon the argument in this court with reference to the exclusion of the evidence, and I am inclined to the opinion that its exclusion was not error.    The statute now invoked was founded upon a principle of the common law, and is aimed at the selling of rights of action for the recovery of possession of real property by parties out of possession; and whether those in possession, claiming title, entered with or without knowledge of the outstanding claim, does not seem very material, provided they claim in hostility to it.    Whether or not they had such knowledge may be a disputed question; and where a party out of possession sells his right of action against one in possession claiming under an adverse title, the validity of the conveyance should not be made to depend upon the evidence which either may adduce as to the knowledge of the other in respect to the title, which may be one of the most fruitful sources of litigation.    Such a construction would virtually nullify the statute.

The judgment should be affirmed, with costs, on the grounds stated by the referee.

All concur.    Judgment affirmed.