(1 App. Div. 411.)

## FINN v LALLY et al.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

1. MORTGAGES—REDEMPTION—MORTGAGEE IN POSSESSION.

　　In an action to redeem land from a mortgage, it appeared that defendants were in possession under mesne conveyances from the mortgagee, who claimed title through foreclosure proceedings which were in fact void. *Held*, that defendants' grantor was simply a mortgagee in possession, within Code Civ. Proc. § 379, providing that a mortgagor and those claiming under him may sue to redeem from the mortgage unless the mortgagee or one claiming under him have continuously maintained an adverse possession of the mortgaged premises for 20 years after the breach of a condition of the mortgage.

**2. SAME—ADVERSE POSSESSION.**

In an action to redeem from a mortgage land. purchased by the mortgagee at a sale in void foreclosure proceedings, it appeared that the mortgagee did not take actual possession of the land; that it was unoccupied and uninclosed, and remained so until the title of the mortgagee had been conveyed by mesne conveyances to defendant's grantor, who entered on, and began to improve, the land. *Held*, that until such entry there had been no possession adverse to the mortgagor and those claiming under him, within Code Civ. Proc. § 370, providing that, to constitute adverse possession, the land must be usually cultivated or improved, or protected by a substantial inclosure.

**3. CHAMPERTY AND MAINTENANCE—DEED OF LAND IN POSSESSION OF ANOTHER.**

A deed by a mortgagor of his equity of redemption after the sale in a void foreclosure proceeding is not within 1 Rev. St. p. 739, § 147, providing that every grant of land shall be void if, at the time of the delivery thereof, such land shall be in the actual possession of a person claiming a title adverse to that of the grantor, because each title goes back to a common grantor, and seeks to establish its validity by showing a descent from him in right line.

**4. APPEAL—ENTRY OF JUDGMENT BY APPELLATE COURT.**

Where plaintiff, in an action to redeem from a mortgage, appeals from an adverse judgment, and it appears that she is entitled to the relief prayed, and it also appears that she is entitled to an account of the rents and profits, expenses, improvements, and taxes, and the facts necessary to enable the appellate court to pass on these questions are not before it, the case is not within Code Civ. Proc. § 1022, amended by Laws 1895, c. 946, providing that the appellate court may enter such judgment as the facts warrant.

Appeal from special term, New York county.

Action by Mary Finn against James J. Lally and others to redeem lands from a mortgage lien. From a judgment dismissing the complaint (35 N. Y. Supp. 553), plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS,. and INGRAHAM, JJ.

C. E. Sentell, for appellant.

T. H. Friend, for respondents.

RUMSEY, J. The action was brought to redeem certain premises from the lien of a mortgage. It appears that in 1852 one Weeks was the owner of the premises which are the subject of the action, and that he sold them to Stewart, who gave him in return a purchase-money mortgage. No interest having been paid upon the mortgage, in 1869 Weeks commenced an action to foreclose it, making Stewart alone a defendant. The service of the summons was made by publication, upon an order granted by the county judge of Westchester county, in which county at that time the premises were situated. It is claimed by the plaintiff that this order was wholly void, and that the court acquired no jurisdiction of Stewart by service by publication under it. It is unnecessary to examine particularly the grounds of this claim, as it is conceded by both parties, and there is no doubt, that the affidavit upon which the order to publish was made did not give the county judge jurisdiction, and for that reason the proceedings as against Stewart were entirely void. The judgment, therefore, was entirely without force so far as he was concerned; and

the purchase by Weeks, who bought in the premises upon the fore-
closure sale, and took a deed from the sheriff, affected no change in
the relation between himself and Stewart.    So far as they were
concerned, Stewart was still the mortgagor, and Weeks was still
the mortgagee, and their rights and liabilities were precisely the
same as though no action had been brought and no judgment of
foreclosure had been entered.    Weeks did not take possession of
the premises, but the matter stood in precisely the same situa-
tion as it had been after the foreclosure sale until the year 1871,
at which time Weeks made conveyance of the premises to one
Delaney.    That deed operated, under the statute, to pass to De-
laney only the interest which Weeks had in the premises at the time
the deed was made, and no more.    1 Rev. St. p. 739, § 143.    The effect
of the transfer to Delaney was to make him simply the assignee of
the mortgage.    Townshend v. Thomson, 139 N. Y. 152, 161, 34 N. E.
891.    Delaney did not take possession, but in August, 1874, he con-
veyed to Barnecott the northerly half of the northerly half of the
property.    Barnecott conveyed to the defendant Conness the same
portion of the premises.    Later Delaney conveyed to the defendant
Lally the southerly half of the northerly half of the premises.    This
conveyance was made in 1884.    Barnecott took possession of the por-
tion of the premises conveyed to him on the 6th day of August, 1874;
and Lally took possession of his portion of the premises shortly after
the execution of his deed, in 1884.    Lally and Conness took from their
grantors only the interest which the grantors had to give, and they
became, therefore, assignees of the mortgage so far as Delaney was
an assignee of it from Weeks.    After they had taken possession of
the premises under the conveyances from Delaney, they stood, with
relation to the original mortgagor, in the attitude of mortgagees in
possession.    Townshend v. Thomson, supra.

   The plaintiff claims to have taken title to the whole of the prem-
ises by mesne conveyances from Stewart.    These conveyances it is
unnecessary to recapitulate, as it is not disputed that, if they conveyed
anything, they conveyed the interest which Stewart had.    Stewart's
equity of redemption never having been foreclosed, he still owned it;
and the deeds to the plaintiff conveyed the equity of redemption, and
vested her with the title to the property, precisely as Stewart had it.
If the deeds under which the plaintiff claims were valid, which will
be considered later, she undoubtedly, as the owner of the equity of re-
demption, had the right to redeem from the mortgage, unless that
right has been barred by the statute of limitations.    As against that
right the statute of limitations does not begin to run until the mort-
gagee has entered into possession, and the action is not barred until
the mortgagee or those claiming under him have continuously main-
tained an adverse possession of the mortgaged premises for 20 years,
after a breach of the condition of the mortgage.    Code Civ. Proc. § 379.

   This action was begun, as it appears, on the 7th day of April,
1894.    The first question presented is whether the action was bar-
red by the statute of limitations.    The facts bearing upon that
question are chiefly made to appear by the evidence of the defend-

ants, and they are not at all in dispute.    It seems that Weeks, who
was the original owner of the farm from which this lot of land was
carved, laid it out into lots in 1852, and that, after it was laid out,
it lay open and vacant and unoccupied for many years.    So far as
appears, Stewart did not take possession of it under his deed, nor
occupy it.    Neither did Weeks do so after he had obtained the
sheriff's deed upon the foreclosure.    Delaney, who took the title to
the premises from Weeks, testified that, at the time he took it, the
premises were vacant and unimproved, and continued to be so up
to the time of the conveyances by him to Barnecott, on August 6,
1874.    Barnecott testified that he examined the property before he
bought it; that there were no fences upon it; that it was entirely
vacant and unimproved and wild, and had not been cultivated in a
number of years; that he took his deed on August 6, 1874; and
that immediately afterwards he commenced the erection of a dwell-
ing upon the lot conveyed by it.    This evidence was given by the
witnesses sworn on behalf of the defendants.    The witnesses sworn
on behalf of the plaintiff testified substantially that from 1852
down to 1874 the premises stood open and vacant; that no crops
were grown upon it; that it was not fenced; and that it was en-
tirely unoccupied.    It is quite clear from this testimony that there
was no adverse possession of these premises by virtue of which
the statute of limitations could run against the right to redeem
before August 6, 1874.    The law says that, for the purpose of con-
stituting adverse possession by a person claiming a title founded
upon a written instrument (which is this case), land is deemed to
have been possessed and occupied where it has been usually culti-
vated or improved, or where it has been protected by a substan-
tial inclosure.    Code Civ. Proc. § 370.    Neither of these conditions
existed in this case, and for that reason the claim that the cause of
action is barred by the statute of limitations is not well founded.

    But the defendants insist that, even if the action is not barred by
the statute, the deeds under which the plaintiff claims were void
under the champerty act, and for that reason she acquired no title
to the equity of redemption, and cannot maintain this suit.    The
law under which this claim is made is found in the Revised Stat-
utes.    It was passed originally to provide against a state of affairs
which does not exist in these times, and for that reason it is not
often invoked.    It provides that every grant of land shall be ab-
solutely void if, at the time of the delivery thereof, such lands shall
be in the actual possession of the person claiming under a title ad-
verse to that of the grantor.    1 Rev. St. p. 739, § 147.    The word-
ing of the statute is significant, and it must not be confused with the
statute which prescribes what shall constitute an adverse posses-
sion to set the statute of limitations running. The possession which
is sufficient under the statute of limitations is possession under a
claim of title. When that claim is set up, it is not necessary that the
pleader should show that he is in under any specific title; but it
is sufficient if he proves that he claims to hold the premises ad-
versely to the right that he is contesting.    The material matter

where the statute of limitations is in question is the possession, and whether that possession has been taken under a claim of right hostile to the adverse party, without regard to what the particular claim is. The important matter, however, under the champerty act, is the title, and not the particular possession. To avoid a deed, the claim under the champerty act must be under a title. Nothing can satisfy the language of that act but the existence of some specific title under which the party claims. That title must be disclosed, so that the court may see that it is adverse to the title of the grantor in the deed which is assailed; and, unless that fact is made to appear, the deed is valid. Crary v. Goodman, 22 N. Y. 170; Dawley v. Brown, 79 N. Y. 390; Smith v. Faulkner, 48 Hun, 186. In the case at bar, both parties claim under the title of Stewart; Weeks and his grantees claiming to have derived it by foreclosure of the mortgage which Stewart gave, and the plaintiff and her grantees claiming the title by virtue of mesne conveyances from Stewart of the equity of redemption. These titles are not therefore hostile the one to the other, within the meaning of this act. Each goes back to a common grantor, and seeks to establish its validity by showing a descent from him in right line. For this reason it cannot be said that the plaintiff's deed is void, but she acquired by her conveyance an equity of redemption and the same right to redeem the premises from this mortgage which Stewart had. The judgment, therefore, must be reversed.

We are asked to enter judgment for the plaintiff, pursuant to section 1022 of the Code of Civil Procedure.[1] While the power of the court to do this in a proper case cannot be denied, this, as we think, is not one of the cases. It appears that the defendants are in possession, claiming to own the northerly half of these premises. To that half the plaintiff has still her title, but she has disposed of the title to the southerly half, which is owned by her grantee. To enable her to redeem, she must pay the whole mortgage debt. Jones, Mortg. § 1072. She is entitled to an account of the rents and profits, and she must be charged with the expenses necessarily incurred by the owners of the premises, by way of taxes and such other expenses as were necessary to protect the premises. Just how far these rents and profits shall be applied upon the mortgage, to what extent the necessary expenses shall be charged against them, and how far those expenses must be apportioned between the different owners of the property, are things which probably must be considered by the court before an interlocutory judgment is entered in this action. The facts necessary to pass upon those questions have not been presented here, and have not been argued before us. For that reason we deem it advisable simply to reverse this judgment, and send the case back for a new trial, where there can be presented to the court all the facts necessary to enable it to lay down the principles upon which an account

[1] Section 1022, as amended by Laws 1895, c. 946 (volume 1, p. 828), provides that the appellate court may grant to either party the judgment which the facts warrant.

should be taken, if, upon the evidence presented upon that trial, it shall appear that the plaintiff is entitled to the relief demanded in the complaint.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.