E. MAY DE GARMO, Appellant, *v.* GEORGE W. PHELPS and THOMAS WILCOX, Respondents.

*Champerty — conveyance, under a mortgage foreclosure sale, of premises in the actual possession of a purchaser thereof at a tax sale.*

A conveyance of mortgaged premises executed by a sheriff pursuant to a judgment of foreclosure and sale, at a time when the premises are in the actual possession of a third party who claims title thereto under a tax deed executed by the treasurer of the county in which the premises are situated, is void under the Statute of Champerty however defective the title based upon the tax deed may be.

APPEAL by the plaintiff, E. May De Garmo, from a judgment of the Supreme Court in favor of the defendants, bearing date the 15th day of July, 1898, and entered in the office of the clerk of the county of Livingston, upon the decision of the court, rendered after a trial before the court without a jury at the Livingston Trial Term, dismissing the plaintiff's complaint.

*Moses Shire* and *Thomas E. Boyd*, for the appellant.

*John F. Connor*, for the respondent Phelps.

Judgment and order affirmed, with costs, on the opinion of NASH, J., delivered at the Livingston Trial Term.

All concurred.

The following is the opinion of NASH, J., delivered at the Livingston Trial Term :

NASH, J. :

The complaint alleges title in fee in the premises in the plaintiff, and that the defendant George W. Phelps is in possession of the property unlawfully and withholds the same from the plaintiff; that the defendant Phelps claims the ownership under a deed of the premises given him by the county treasurer of Livingston county, bearing date October 20, 1892, recorded in the clerk's office of that county October 24, 1892.

The title of the plaintiff is alleged in the complaint to have been acquired by the purchase upon the foreclosure of a mortgage of the premises executed and delivered by Fred M. Inglehart to Annie E. Volger, bearing date May 22, 1893, recorded June 10, 1893; that Inglehart acquired his title by a conveyance made pursuant to a judgment of foreclosure and sale, from the sheriff of the county of Livingston, bearing date May 22, 1893, and recorded in Livingston county clerk's office June 9, 1893; that the mortgage from Inglehart to Volger was assigned by the latter on the 27th day of November, 1894, to the plaintiff, and subsequently foreclosed, and judgment of foreclosure and sale entered in said clerk's office March 18, 1897, and the premises sold therein upon the 8th day of May, 1897, and conveyed to the plaintiff, who has ever since claimed to be the owner in fee and entitled to the possession of the premises.

The facts are as alleged in the complaint, and the case further shows that the defendant Phelps by his tenant, the defendant Wilcox, was in possession of the premises at the time the premises were conveyed to Inglehart, holding adversely under his deed from the treasurer of Livingston county, and had been in possession of the premises, claiming title thereto under said deed from the time it was given to him in 1892.

These facts bring the case directly within the inhibition of the statute which provides that every grant of lands shall be absolutely void if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor. (1 R. S. 739, § 147; Real Prop. Law [Laws of 1896, chap. 547], § 225.)

However defective the title under which the premises are held adversely may be, the statute is applicable. (*Sands* v. *Hughes,* 53 N. Y. 287; *Pearce* v. *Moore,* 114 id. 256.) The opinion of RAPALLO, J., in *Sands* v. *Hughes* covers the case here precisely.

The point is made that "defendant is not in possession under claim of specific title," because the description of the premises in the deed to defendant Phelps "does not fit the premises described in the complaint." It is sufficient to say in reply to this suggestion that the complaint alleges that the defendant Phelps "is now in possession of said property (premises described in the complaint) and unlawfully withholds the same from this plaintiff;" that said Phelps claims to be the owner of the same under and in pursuance of a deed given him of said premises by the county treasurer of Livingston county, which said deed bears date October 20, 1892, and is recorded in the county clerk's office of Livingston county in liber 125 of Deeds at page 546, and was so recorded on the 24th day of October, 1893.

The defendant's deed, however, sufficiently describes the premises of which he is alleged in the complaint to be in possession. The premises are described in the deed as a "house and two acres of land on the north side of Seward street in the village of Nunda, bounded east and north by lands of J. Osgoodby estate and west by land of Willard Wood." The premises are in fact a house and two acres of land bounded on the south by Seward street, on the east by lands of J. Osgoodby estate and west by lands of Willard Wood.

This would seem to be a sufficient description of the premises even if the lane on the north did not belong to the J. Osgoodby estate (which does not clearly appear), there being no question as to the identity of the premises occupied by the defendant with those alleged in the complaint.

Without considering the case further I am of the opinion that the complaint must be dismissed.