(38 Misc. Rep. 14.)

### EISEMANN v. LAPP et al.

(Supreme Court, Trial Term, New York County. May, 1902.)

CHAMPERTY—DEED—VALIDITY—POSSESSION OF ADVERSE CLAIMANT.

> A referee, on foreclosure of the rights of all the mortgagors,—three of four children, to whom their mother had devised the premises equally,—conveyed to the purchaser at the sale, by deed, an unincumbered fee; and the latter went into possession, and remained and acted

as sole owner. *Held*, that he was entitled to the fee, as against a sub-
sequent grantee of the father of the children, entitled to a life estate
in the share of the fourth child, who had died intestate before the
mortgages were given, where his claim to such life estate was not dis-
closed, except by the mother's will, and where, when the father's deed
was delivered, the property was in actual possession of a person claim-
ing under a title adverse to the grantor, which deed was absolutely
void under Laws 1896, c. 547, § 225.

Action by Frederick F. Eisemann against Michael Lapp and oth-
ers for partition. Judgment for defendants.

George L. Terry (Charles Strauss, of counsel), for plaintiff.
James, Schell & Elkus (John Frankenheimer and A. I. Elkus, of
counsel), for defendants.

LEVENTRITT, J. This is an action in partition, tried before me
without a jury. Catherine E. Victory, who died in 1877, devised the
premises involved to her four children. One of these died in 1887,
intestate, unmarried, and leaving, him surviving, as his heirs at law,
a brother, two sisters, and his father. The father thus took a life
interest in the deceased's one-fourth of the premises. Thereafter
the three surviving children executed four successive mortgages on
the property, accompanied in each instance by an affidavit of title
by one of them. The father was not a party to the mortgage, hav-
ing left the jurisdiction; and his interest remained undisclosed, ex-
cept in so far as it appeared from the records,—that is, from the
mother's will, devising her property to her four children, and the
subsequent mortgages made by only three of them. The four mort-
gages were duly foreclosed; the father, however, not being made a
party. Sale was had, at which the defendant Lapp became the pur-
chaser at a figure which the evidence establishes to have been the
full value of the property. The usual referee's deed was given, and
under this the defendant Lapp went into actual possession, tore
down an old building on the premises, erected a new one, and made
improvements at a total cost of many thousands of dollars. There-
after the father conveyed to the plaintiff his one-fourth life interest
in the premises, and any interest he might have in the rents due or
to become due. Thereupon this action was begun, the plaintiff
claiming to be a tenant in common with the defendant under and
by virtue of the deed from the father.

The question is whether this latter deed was champertous. I am
of the opinion that it was. No question of adverse possession under
the statute of limitations is involved, as the defendant Lapp's pos-
session under the referee's deed is too recent to have ripened into
an indefeasible title on that ground. With the wisdom and policy
of the champerty act I have nothing to do. It may well be, as was
pointed out long since, that "it is the relict of an ancient policy, which
has been treated with but little favor by either courts or legislature
in modern times" (Crary v. Goodman, 22 N. Y. 170, 177), and that
"it was passed originally to provide against a state of affairs which
does not exist in these times" (Finn v. Lally, 1 App. Div. 415, 37 N.
Y. Supp. 437). Yet in the same year that the implied disapproval

of the last quotation was expressed, the legislature saw fit substantially to re-enact in the real property law the previous provision of the Revised Statutes (1 Rev. St. p. 739, § 147). We must apply the law as we find it, and not as we should like it to be.

Section 225 of the real property law (Laws 1896, c. 547) provides, "A grant of real property is absolutely void, if at the time of the delivery thereof, such property is in the actual possession of a person claiming under a title adverse to that of the grantor." The reason for the enactment of provisions of this nature is to be sought in public policy. The purpose was to prevent litigation, and the purchase and acquisition of disputed or doubtful claims. It did not seek to terminate disputes, "but only to compel their settlement between the original parties." Crary v. Goodman, 22 N. Y. 175.

The question then reduces itself to one of the application of the statute, regardless of the question of the validity of the adverse title, or the right in the grantor of the champertous deed to establish for and in himself the property right which the policy of the law will not suffer him to convey. If at the time of the delivery of the deed the adverse holder is in actual possession by virtue of a claim of some title or interest under some written instrument purporting to convey the lands to the claimant, or under some judgment, decree, or executed process of some court, then the deed is void for champerty. Arents v. Railroad Co., 156 N. Y. 1, 8, 50 N. E. 422; Crary v. Goodman, supra; Sands v. Hughes, 53 N. Y. 287; Dawley v. Brown, 79 N. Y. 390; Dever v. Hagerty, 169 N. Y. 481, 62 N. E. 586; Pearce v. Moore, 114 N. Y. 256, 21 N. E. 419. Mere color or claim of title, as would suffice where adverse possession is set up under the statute of limitations, is insufficient; but the adverse possession under the champerty act must be under some specific title, which must be disclosed to the court before the grantor's deed can be declared void. Finn v. Lally, supra. It is important to bear in mind, however, that in applying the statute it is immaterial whether the claimant's title, as against that of the grantor, is valid or rightful. Some confusion which I find in the reported cases of the lower courts is, I believe, to be traced to an inadequate recognition of the principle that the title in the claimant may be absolutely groundless, and yet the grantor's deed void for champerty. The decisions of the court of appeals, however, as I read them, have laid down the law applicable in unmistakable terms. Thus, in Sands v. Hughes, where it was urged that the claimant held by mesne conveyances under a void tax lease, the court say:

"It has never been considered necessary, to constitute an adverse possession, that there should be a rightful title in the party setting up the defense [of champerty], or in his grantor. Whenever that defense is set up, the idea of right is excluded. * * * Under the statutes of this state there must be a claim or color of title, but if the entry is under color of title the possession will be adverse, however groundless the title." Pages 295, 296.

In Dever v. Hagerty, supra, in which it was likewise urged that the defendant held under an invalid tax deed, the court held that the defendant was in adverse possession of the premises under a claim of specific title through the tax deed, and that, whether the proceedings

culminating in the tax sale were regular or irregular, the grantor could not make a valid conveyance.

Reference might be made to the recent case of De Garmo v. Phelps, 64 App. Div. 590, 72 N. Y. Supp. 773, to show to what lengths the courts have recently gone in applying the statute. There a conveyance of mortgaged premises executed by a sheriff, pursuant to a judgment of foreclosure and sale, at a time when the premises were in the actual possession of a third party claiming title under a tax deed, was declared void, however defective the title based upon the tax deed might be. Although apparently much in point, I am not disposed to accept this case as authority, as it seems reasonable that sales made pursuant to judicial decrees are within neither the spirit nor intent of the champerty statute. Tobias v. Mayor, 17 Hun, 534; Knapp v. Burton, 7 Civ. Proc. R. 448; Stevens v. Hauser, 39 N. Y. 302; Tuttle v. Jackson, 6 Wend. 213, 21 Am. Dec. 306; Truax v. Thorn, 2 Barb. 156.

In the case at bar the defendant Lapp asserts his claim of title under a written instrument executed pursuant to a decree of this court. On its face it purports to convey to him the fee, free from all incumbrances. Full value was paid for it. Under it he has gone into actual possession, and has acted as sole and exclusive owner. There is no question here of a void foreclosure, as was the case in Finn v. Lally, supra. The interest of the mortgagors has been completely cut off. It may well be that the father still owns his one-fourth life interest. But that question is not involved here. He may personally dispute Lapp's claim to the whole fee, but his grantee may not. Lapp claims the fee under a referee's deed purporting to convey it; he is in actual possession; he has a specific title; his claim is adverse to that of the father; and, even though the deed purported to give more to him than there was to give, the adverse character of the possession is not thereby altered. Jackson v. Smith, 13 Johns. 411. There must be judgment for the defendants.

Judgment for defendants.