In the Matter of the Petition of FREDERICKA SCHMIDT, to Register Title to Certain Lands, etc.*

Supreme Court, Nassau County, April, 1922.

*Real property — registration of title — tax lease — adverse possession.*

PETITIONER seeks to register title to real property situated at Great Neck in the town of North Hempstead, Nassau county, N. Y., in fee simple pursuant to the Real Property Law of the state of New York known as chapter 572 of the Laws of 1918.

The report of the official examiner as filed shows among other things that lot No. 66, being a portion of the premises sought to be placed under the Title Registration Law, was sold for taxes for the year 1891 on or about March 30, 1893, and a tax lease thereof given to one Henry W. Allen for 700 years.

Petitioner purchased the tax lease and sought to gain a fee title thereunder by adverse possession.

---

* Published by request.— [REPR.

*John Francis Schwieters,* for petitioner.

*Charles D. Newton,* attorney-general (*William J. Smith,* deputy attorney-general, of counsel), for the People.

MacCRATE, J. The examiner reports that it is his conclusion " that the petitioner has established her claim of title in fee simple by adverse possession for more than twenty years." As to lot 66, I am constrained to find in opposition to that conclusion because of the testimony given by the petitioner before me. The petitioner's counsel seeks to explain the testimony of the petitioner because of her advanced age. While her age may furnish the reason for the uncertain character of the testimony, it does not supply proof of entry under a claim of title sufficient to justify the registration of that title under the act. Moreover, a reading of the case of *Sands* v. *Hughes,* 53 N. Y. 287, leads me to conclude that adverse possession cannot ripen into title under twenty years after the term of the tax lease.