**UNITED STATES v. 9,890 ACRES OF LAND, MORE OR LESS, SITUATE IN TOWNS OF BROOKHAVEN AND SOUTHAMPTON, SUFFOLK COUNTY, N. Y. et al.**

District Court, E. D. New York.

Nov. 21, 1944.

Scheinberg & Wolf, of Riverhead, N. Y., for Joseph P. Strebel.

Irwin T. Longworth, Jr., of Rockville Center, N. Y., for Frederick D. Stein.

GALSTON, District Judge.

This matter comes before the court on exceptions filed on behalf of Frederick D. Stein to the report of the special master appointed by order of this court dated July 10th, 1944, to take testimony and report with respect to the ownership of the premises referred to in this proceeding as tract 23, segment 1, and to the right, title or interest in the fund deposited herein for the taking thereof by the United States of America.

The first hearing before the special master was held on August 14, 1944, on due notice given to the respective parties. There was no appearance noted for the Aloha Realty Corporation, nor for the United States of America, nor for Robert D. Green. However, a notice of appearance was filed in August, 1944, on behalf of Frederick D. Stein as the alleged successor in interest by way of a quit claim deed from Green to him of lot 20 of Toppings purchase, a portion of the premises involved herein. Subsequently Stein filed an answer to the Strebel petition which had been filed on the motion which resulted in the order of reference. In consequence the contest as to ownership is between Strebel and Stein, and only as to that portion of the tract condemned known as 20th lot of Toppings purchase. The only claimant with respect to lot 21 of the Government's taking is Joseph P. Strebel.

As to lot 20, the special master also found that the title to this lot was in Strebel and that he is entitled to receive the funds deposited for the taking. The record discloses what may be referred to as three chains of title. One Lillian R. Silverberg acquired title to the parcel from Clarence D. Sire by deed dated December 3, 1910, subject to a mortgage of $700 held by Aida L. Austin. On August 14, 1911, an action to foreclose that mortgage was instituted which resulted in a judgment of foreclosure and the property was conveyed by referee's deed on June 29, 1912, to one Lena Kippers

for the sum of $1,525. Despite the foreclosure suit, the record shows a deed from Lillian R. Sire (Silverberg) to one Nathaniel Becher, dated October 4, 1923. Subsequent deeds from Becher to Kaplowitz and from the latter to Aloha Realty Corporation, it is contended, conveyed no greater interest than the grantor, Lillian R. Sire, had, which apparently was none at all.

Lena Kippers, on acquiring the property, gave a purchase money mortgage to one J. Willis J. Smith in the sum of $1,200, which was recorded on the same day as was the deed to her from the referee. Smith, on August 17, 1918, commenced a foreclosure suit against Lena Kippers, notice of which action was given only to Lena Kippers. Pursuant to the judgment of foreclosure, the referee sold the property, conveying it to one Alice B. Codling for the sum of $500 by deed dated March 26, 1919, and recorded March 31, 1919. Strebel acquired the property by purchase from Alice B. Codling as grantor.

However, the matter is complicated, for it appears that prior to the institution of the foreclosure suit by J. Willis J. Smith, one Lena Kuppers executed a deed to one Max Greenberg and one Alexander Slater, conveying the premises subject to the $1,200 Smith mortgage. Those grantees on the same day executed a deed conveying the premises to one Charles Fisher. The record also shows that a deed was recorded on July 31, 1937, conveying the property from Fisher to Robert D. Green, and finally that Green conveyed to the claimant Stein on June 15, 1944. It is the contention of Stein that since Greenberg and Slater, the grantees named in the Kuppers deed, were not made parties to the Smith foreclosure suit, the Strebel title is void as against the owners of the equity. Herrman v. Cabinet Land Co., 217 N.Y. 526, 112 N.E. 476.

Though recognizing the title infirmity resulting from the confusion of "Kippers" and "Kuppers" in the County Clerk's records, the master finds that the Strebel claim, by adverse possession, is superior to that of the claimant Stein.

The detailed consideration of the evidence by the special master discloses that some time in the summer of 1924 Strebel ordered a survey of lot 20, Toppings purchase, and as a result he had monuments set at the four corners of the lot. Strebel

obtained the property by purchase on March 21, 1925.

■ The master found, and there is not only substantial but uncontradicted evidence to sustain the finding, that promptly after the closing Strebel took possession of the lot: that he built a driveway, installed a water pump, and cleared about two acres: with the help of his brother he built a shanty which they used as living quarters. In 1926 Strebel's father and five brothers arrived from Switzerland, and they cleared five additional acres and constructed a two story concrete house. Later they built a barn and garage and milk house. In 1930 they operated a commercial dairy business with a herd of live stock. From April, 1925, to the time that the Government took possession in 1943 the premises were occupied by Strebel and his family as their home and place of business. Moreover, they supplemented the original survey monuments by setting up markers every thousand feet along the east and west boundaries. Particular weight must be given to the evidence that they paid all taxes during this period of eighteen years which were assessed against the property, and in 1934 borrowed from the Federal Land Bank the sum of $4,000, securing the loan by two mortgages on the premises in question. Moreover, Strebel amortized the mortgages to a sum below $2,500. On these facts, indicating an uninterrupted possession and domain for eighteen years, the referee concluded that Strebel had acquired title by adverse possession. Civil Practice Act, §§ 37, 38; People v. Ladew, 237 N.Y. 413, 143 N.E. 238; Belotti v. Bickardt, 228 N.Y. 296, 127 N.E. 239; also Towle v. Remsen, 70 N.Y. 303; and Sands v. Hughes, 53 N.Y. 287.

Significant also is the fact that at no time during the Strebel continuous possession of eighteen years did anyone in the chain of title which Stein asserts, or indeed anyone else, bring an action of ejectment to recover possession of the property.

■ The objections and exceptions to the report of the special master filed on behalf of Stein are overruled and Strebel's motion to confirm the report of the special master is granted. Strebel is entitled to receive the funds deposited herein as compensation for the taking of said premises, less the amount owing to the mortgagee. The special master is allowed a fee of $400, which in the first instance shall be paid out of the fund. Said amount, to-

gether with the disbursements for the stenographic minutes of hearings before the special master in the sum of $217.50, are awarded as costs against the claimant Stein. Settle order on notice.